PETER GARLOCK, as Executor, etc., Appellant, *v.* ELLA VANDEVORT et al., Respondents.

A surrogate, in a proceeding before him having for its object the settlement of an executor's accounts and the obtaining of a decree directing the distribution of the fund in his hands, when all the parties in interest are present, has authority to construe the provisions of the will and determine their meaning and validity, whenever necessary in order to make his decree as to distribution.

Such jurisdiction is incidental to the office and flows from the authority conferred upon the surrogate by the statute (Code Civ. Pro. § 2472), and is equal to and concurrent with the jurisdiction of the Supreme Court.

The will of G. gave to his "grandchildren living in Michigan," at his decease, all his property in that state. A clause in a codicil stated that the testator was "in no wise pecuniarily indebted to any of his children," and declared null and void any testamentary gift to any one of them who should present a claim against the estate save for the bequest or devise given in the will. In an action by one of the executors for the construction of the will, the complaint questioned the right of one of the grandchildren to be a legatee as to that portion of the estate in Michigan, and also the right of a child of the testator who had presented and had been allowed and paid a claim against the estate to a gift in the will to him. It appeared that at the time the action was brought, there was pending in the Surrogate's Court a proceeding instituted by plaintiff's co-executor for a judicial settlement of his accounts, in which were brought all the parties to the action, and that by objections filed therein the question as to the effect of the clause in the codicil was raised. The trial court dismissed the complaint. *Held*, no error; that the question as to the residence of the grandchild was one of fact proper to be disposed of by the surrogate and constituted no ground for invoking the jurisdiction of the court; that the question as to the construction of the codicil was within the jurisdiction of the Surrogate's Court, and that tribunal having first obtained jurisdiction, was entitled to retain and continue to exercise it.

Also *held*, it having been found that the action was not brought in good faith, that plaintiff was properly charged individually with the costs.

(Argued June 23, 1891; decided October 6, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department entered upon an order made October 23, 1890, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. K. Burnham* for appellant. The Supreme Court had jurisdiction of this action. (*Wager* v. *Wager*, 89 N. Y. 161.) The Surrogate's Court did not have jurisdiction to pass upon the validity of the contract, or the effect of the acts of Gilbert in presenting his claim against the estate and prosecuting it to judgment. (*Van Sideren* v. *Lawrence*, 14 N. Y. S. R. 412; *Wright* v. *Fleming*, 76 N. Y. 517; *Stillwell* v. *Carpenter*, 59 id. 425; *Pettigrew* v. *Foshay*, 12 Hun, 486; *In re Giles' Estate*, 11 Abb. [N. C.] 57; *In re Brown*, 3 Civ. Pro. Rep. 39; *In re Wagner*, 22 N. Y. S. R. 208; *In re Gloucester*, 32 id. 901.) It was discretionary with the court to entertain this action, even if the Surrogate's Court had jurisdiction. (*Powell* v. *Denning*, 22 Hun, 235.) Costs should not have beed imposed upon the plaintiff personally. (*In re Groat*, 15 Hun, 361; *Hone* v. *DePeyster*, 106 N. Y. 645; *In re Deleplaine*, 18 N. Y. S. R. 985.) Mismanagement of the estate furnishes no ground for liability for costs. (Code. Civ. Pro. § 3246; *Jack* v. *Robie*, 15 N. Y. S. R. 607.) The estate of Thomas Vandevort was released from the legacies due to Gilbert and his family by the presentation of his claim against the estate, and its prosecution to judgment. (*In re Hollister*, 14 N. Y. S. R. 335; *Brownson* v. *Gifford*, 8 How. Pr. 387; *Hayden* v. *Stoughton*, 5 Pick. 528; *Brigham* v. *Shattuck*, 10 id. 306; *Sackett* v. *Mallory*, 1 Metc. 355; 4 Kent's Comm. [9th ed.] 126; *Hogeboom* v. *Hall*, 24 Wend. 146; 21 Pick. 389.)

Statement of case.

*T. H. Bennett* for respondents. The complaint did not state a cause of action. (*Bowers* v. *Smith*, 10 Paige, 193; *Wager* v. *Wager*, 89 N. Y. 161; *Powell* v. *Demming*, 22 Hun, 235.) The finding of fact " that this action was not brought by the plaintiff in good faith, but upon a mere pretext that there was a necessity for obtaining a judicial construction of the will of Thomas Vandevort, deceased, etc.," was clearly right, and should be affirmed. (*Knox* v. *Jones*, 47 N. Y. 389, 395; *Abell* v. *Douglass*, 4 Den. 305; 2 Kent's Comm. [7th ed.] 429, 527; Story on Conf. of Laws, §§ 465, 474; Code Civ. Pro. § 2546.) The Surrogate's Court, in which the former proceeding was pending, had unquestionable jurisdiction to hear, try and determine the question as to the right of the defendant, Gilbert M. Vandevort, and his descendants to take under the will after the presentation by him of a claim against the estate of Thomas Vandevort, or indeed any other question involving the construction of the testator's will and necessary to be determined as an incident to the settlement of the executor's accounts. (2 R. S. 95, § 71; Code Civ. Pro. §§ 2472, 2743; *Steinell* v. *Oechler*, 5 Redf. 312; *Gill* v. *Brower*, 37 N. Y. 459; *Cushman* v. *Horton*, 59 id. 149; *Teed* v. *Morton*, 60 id. 502; *McNulty* v. *Hurd*, 72 id. 518, 521; *DuBois* v. *Brown*, 1 Dem. 317; *Adee* v. *Campbell*, 79 N. Y. 52; 14 Hun, 551; *Tappen* v. *M. E. Church*, 3 Dem. 187; *Riggs* v. *Craig*, 89 N. Y. 479, 492; *In re Verplanck*, 91 id. 439, 449, 450; *Stevenson* v. *Short*, 92 id. 433; *Purdy* v. *Hayt*, Id. 446, 450; *In re Haxton*, 102 id. 157; *Wright* v. *Fleming*, 76 id. 517; *Stillwell* v. *Carpenter*, 59 id. 425; *Pettegrew* v. *Forshay*, 12 Hun, 486; *In re Giles' Estate*, 11 Abb. [N. C.] 57; *In re Brown*, 3 Civ. Pro. Rep. 39.) It is equally well settled that where the interference of two tribunals, having equal or concurrent jurisdiction is invoked, the jurisdiction must continue to be exercised by the court whose process is first issued. (*Schuele* v. *Reiman*, 86 N. Y. 270, 273; *Travis* v. *Myers*, 67 id. 542; *Rogers* v. *King*, 8 Paige, 210; *Groshan* v. *Lyon*, 16 Barb. 461; *Lewis* v. *Maloney*, 12 Hun, 207, 208; *Porter* v. *Kingsbury*, 13 id. 33, 37, 38; *Ratzer* v. *Ratzer*, 2 Abb. [N.

C.] 461, 466; *Vanderbilt* v. *Vanderbilt,* 54 How. Pr. 250, 252; *Whitney* v. *Monro,* 4 Edw. Ch. 5; *Seymour* v. *Seymour,* 4 Johns. Ch. 409.)

GRAY, J. The plaintiff sets forth, in his complaint, two grounds for bringing this action to obtain a construction of the will of Thomas Vandevort, deceased. The one sought to raise a question as to the residence of a grandchild, as bearing upon her capacity to be a legatee of certain property, and the other related to a clause of the codicil nullifying bequests and devises, in the event of any of the testator's children presenting to his executor claims against the estate, other than for the bequest or devise given in the will; practically speaking, cutting off the child in such an event. At the time this action was brought, there was pending in the Surrogate's Court, and undetermined, a proceeding instituted by this plaintiff's co-executor for a judicial settlement of his accounts; into which were brought all persons in interest and who are now made the parties to this action. Objections were there filed by this plaintiff and other parties to the executor's accounts, which raised, *inter alia,* the precise question which this complaint raises concerning the effect of the clause in the codicil above mentioned.

The first question in the complaint arises out of that portion of testator's will in which he gave to his " grandchildren living in Michigan at his decease, all his real and personal estate \* \* \* in Michigan." The complaint questions the right of one of the grandchildren to be a legatee as to such portion of the estate, but the point was not argued in the appellant's brief and seems to have been abandoned. It could not well be pressed as constituting any ground for invoking the equity jurisdiction of the Supreme Court. Whether the particular grandchild was a resident of Michigan, or not, was a question of fact and one which the surrogate could perfectly well dispose of. The issue mainly contested in the Surrogate's Court, and which is relied upon now, was as to the right of the defendant Gilbert Vandevort, a child who prosecuted a claim against

the estate, or of his descendants, to receive any share under the will.  The claim had been disputed, but, being allowed, had been paid by the executor.  This fact was insisted upon before the surrogate as avoiding the child's interest under the will, by force of the provision in ʻthe clause of the codicil referred to.  The learned judge at Special Term decided that the action was not brought in good faith and that the questions involved were within the jurisdiction of the surrogate to determine, and he, therefore, dismissed the complaint, charging the plaintiff personally with the costs.  This disposition of the case I think we must all agree to have been a correct and just one.

There is no question but that the Supreme Court could entertain jurisdiction of an action brought by an executor to determine the force and validity of such a provision in a will; but it is not an exclusive jurisdiction.  The surrogate had the power, as well, to construe the will in that respect.  Though a judicial officer with limited and prescribed jurisdiction and powers, yet it is not open to question that in a proceeding before him, having for its object the settlement of an executor's accounts and to obtain a decree directing the distribution of the fund in his hands, and with all the parties in interest present, the surrogate may construe the provisions of the will and determine the meaning and validity of any of them, whenever such a determination is necessary in order to make his decree as to distribution.  Such a jurisdiction is, of course, not general; but it is one which is incidental to his office, and which flows clearly from the authority conferred upon him by the statute.  (See § 2472 of the Code of Civil Procedure.)

Subdivisions 3, 4 and 5 of the section of the Code cited would have but little meaning and force, if such a judicial exercise of the surrogate's authority were not impliedly granted.  It is quite unnecessary to discuss this question at any length, for that has been already done in cases where it has arisen under the provisions of the Code of Civil Procedure and under the provisions of the Revised Statutes.  It is sufficient to refer to the cases of *Matter of Verplanck* (91 N. Y. 439, 449) and of *Riggs* v. *Cragg* (89 id. 479).

The question there for the surrogate to determine was whether the presentment by, and the ultimate allowance to, a child of a claim against the estate precluded him from taking his share of his father's estate, under a clause of his will which recited that he was "in no wise pecuniarily indebted to any of his children," and proceeded to declare null and void a testamentary gift to the one presenting the claim. This situation required of him a decision as to whether the clause applied to such a case, and whether it was valid and enforceable. The present is unlike those cases where the issue raised was not as to the validity or meaning of the testamentary provisions, but involved the validity of some deed or agreement to affect the legatee's interest. Nothing of the kind appears here; for whether Gilbert Vandevort could take, or not, depended upon the surrogate's decision as to what effect, if any, should be given to the particular clause of the codicil. The surrogate's jurisdiction was equal to and concurrent with the Supreme Court, and following the well-established rule in such a case, the Surrogate's Court, as the tribunal which first obtained jurisdiction of the subject-matter and of the persons, retained and should continue to exercise that jurisdiction. (*Schuchle* v. *Reiman*, 86 N. Y. 270.)

I do not think it was error, or any abuse of discretion, for the court below to charge the costs upon the plaintiff personally. Of the two questions propounded in the complaint for determination, the one concerning the residence of the legatee was frivolous, inasmuch as the legacy had already been paid over, and the question was one merely of fact. The other issue tendered, as to the effect of the clause of the codicil, was at the time pending before and undetermined by the surrogate. To his jurisdiction in the matter, no objection had been made by this plaintiff. His action was begun upon the surrogate's referee holding that the surrogate had no jurisdiction to hear the issue, but before the surrogate had passed on the referee's report. There does not seem to have been any necessity, nor any good ground, for invoking the jurisdiction of the Supreme Court, and thereby delaying the proceedings before the surro-

gate and burdening the estate with further expenses of litiga-tion, and I think, under the circumstances, that the discretion of the court below was very properly exercised, and that it should not be interfered with by us.

The judgment below should be affirmed, with costs to be paid by the appellant personally.

All concur.

Judgment affirmed.