JACOB CROUSE and Others, Appellants, *v.* DOROTHEA EDGARITA
WILSON, by Guardian ad litem et al., Impleaded with Others,
Respondents.

*Action to determine the heirs of a testator — when it is not maintainable in equity.*

An action brought, prior to the accounting in the Surrogate's Court of the
executors named in a decedent's will, to obtain an adjudication that certain of
the defendants, who claimed respectively to be the widow and child of the
testator and as such to be exclusively entitled to the benefit of a legacy con-
tained in the will, were not such widow and child, is not maintainable in
equity.

APPEAL by the plaintiffs, Jacob Crouse and others, from an inter-
locutory judgment of the Supreme Court in favor of the defend-
ants, entered in the office of the clerk of the county of Onondaga
on the 26th day of July, 1893, upon a decision of the court after a
trial by the court at the Onondaga Special Term, sustaining the
demurrer of the defendants to the complaint, and for costs.

In the complaint it is alleged that on the 21st of November,
1892, Daniel E. Crouse of Syracuse, N. Y., died, leaving a last will
and testament relating to both real and personal property ; that he
left him surviving no wife or child, and that the plaintiffs are heirs
at law and next of kin of the testator ; that said will was duly
admitted to probate by the surrogate of Onondaga county on
February 1, 1893, and letters testamentary were duly issued to the
defendants Graves and Nottingham, named in said will as executors,
and they have duly qualified and are now such executors ; that said
testator owed no debts of any considerable amount ; that he owned
real estate worth at least the sum of $250,000, and he owned personal
property which passed under the will into the hands of the executors
of the value of at least $3,500,000 ; that by the provisions of the
will he gave and devised to different persons named therein certain
specific legacies, amounting in the aggregate to $530,000 ; that then
in the will there came the following provisions, the construction of
which is sought in the action :

"13. All the rest, residue and remainder of my estate, both real,
personal and mixed, and wheresoever situate, I hereby direct my

executors, hereinafter named, to pay over and distribute among my heirs and next of kin, in the same proportion that is provided by the laws of the State of New York in cases of intestates.

"14. I hereby authorize and empower my executors, hereinafter named, to sell, convey and lease until sold, all real estate owned by me at the time of my decease, for such price and upon such terms as they shall see fit.

"15. I hereby nominate, constitute and appoint said Maurice A. Graves and Jacob A. Nottingham to be the executors of this my last will and testament."

It is further alleged that, by the terms of the will and as provided therein, the remainder of the personal estate, after the payment of the specific legacies, passed to the said executors, and that they now hold the same as trustees and in trust for the plaintiffs, the heirs and next of kin of the deceased, and that each of the plaintiffs is an heir at law and next of kin of the deceased, and the persons referred to in the thirteenth clause, and each entitled to a share in the residue of the personal estate; that the said Daniel E. Crouse was never married, and no child was ever born to him in lawful wedlock; that the defendant Kosterlitz claims that she was the wife of said Crouse and is now his widow and as such has an interest in the personal estate; that the defendant Wilson is a minor, and on her behalf it is claimed that she is a child of the marriage of said Crouse with said Kosterlitz, and that she is the only and the sole heir of said deceased and entitled under the residuary clause to the whole of the remainder of the estate, and that the plaintiffs have no right therein, and that the executors hold the same in trust for her and the said Kosterlitz. It is alleged that by reason of the claims of Kosterlitz and Wilson, it is impossible to determine, except by a judgment of this court, who are the beneficiaries included in the term "heirs and next of kin;" that said Kosterlitz and Wilson did not intervene and become parties to the special proceedings before the surrogate and presented no claim to said personal estate, and still they now claim as widow and next of kin to be entitled to the whole; that in order that the trust devolving on the executors may be properly executed, it is necessary to settle and determine whether the plaintiffs are the heirs and next of kin, or the defendants Kosterlitz and Wilson.

Judgment is demanded "for the construction of said 13th clause of said will, and adjudging who are entitled to take the residue of said estate under the 13th clause in said will, as the surviving heir or heirs and next of kin of the said deceased, Daniel E. Crouse, and that it be also adjudged and determined that the said plaintiffs are the legal heirs and next of kin of the said Daniel E. Crouse, and as such are entitled to take each respectively his proper proportion and share of the residuum of said personal estate under said thirteenth clause of said will.

"And that it be further adjudged and determined that said Eula Henrietta Kosterlitz was not the wife and is not now the widow of the said Daniel E. Crouse, and that she is not entitled to take any part of said personal estate; and that the defendant called Dorothea Edgarita Wilson, is not the child of the said Daniel E. Crouse and the said Eula Henrietta Kosterlitz, born in lawful wedlock, and is not an heir of or next of kin to said Daniel E. Crouse, and that she has no right, title or interest in said personal estate, or any part thereof.

"And for such other and further relief as to the court may seem just."

The defendants Kosterlitz and Wilson separately demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*Kennedy, Tracy, Mills* and *Ayling,* for the appellants.

*Steele, De Friese & Dickson,* for respondent Kosterlitz.

*W. S. Andrews,* for respondent Wilson.

MERWIN, J. :

The main argument of the learned counsel for the plaintiffs seems to be based on the theory that the action is for the construction of a will. The character of the will does not sustain this theory. There is no doubt about the intention of the testator. The residue is given to his "heirs and next of kin, in the same proportion that is provided by the laws of the State of New York in cases of intestates." No construction is needed to carry out this provision. The statute regulates the subject. It is not claimed that the action is for an

accounting. The complaint is not on that basis. From the record before us it appears that the action was commenced February 2, 1893, which was the day after the proof of the will. In some cases it has been held that a court of equity may in its discretion entertain an action against executors for an accounting. The plaintiffs are not in a position to get the benefit of such cases. There is no allegation that the estate is in danger or that the executors desire any instructions from the court.

It is very evident that the object of the action is to obtain beforehand a determination that the defendants, who claim to be the widow and heir of the testator, are not such widow and heir. Will an action in equity lie for such purpose? No precedent is cited that sustains the action. On the contrary, there are many cases looking the other way.

In *Garlock* v. *Vandevort* (128 N. Y. 374) it was said that an uncertainty as to whether a certain party was within a class to whom a bequest was made, did not constitute any ground for invoking the equity jurisdiction of the Supreme Court. In *Hobart College* v. *Fitzhugh* (27 N. Y. 130) a legacy was payable at a certain time on the performance of certain conditions, and it was said that an action would not lie in advance of the time of payment, to determine whether the conditions had been properly performed. In 1 Perry on Trusts (§ 17) it is said that a bill in equity cannot be maintained simply to establish the fact of a trust, no other relief being sought, even where its existence is denied. Upon the distribution of the estate in the Surrogate's Court, that court has full power to determine to whom the legacies or distributive shares are payable. (*Riggs* v. *Cragg*, 89 N. Y. 479; *In the Matter of Verplanck*, 91 id. 439.)

The questions involved in this case, and the authorities on the subject, are fully and very satisfactorily discussed in the opinion of Mr. Justice VANN, delivered at Special Term, and it is not necessary to refer to them here further. We see no good reason for disturbing his conclusion in the matter. The judgment should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Interlocutory judgment affirmed, with costs.