ELIZABETH BALDWIN, Appellant, *v.* WILLIAM HENRY SMITH, Individually and as Executor, etc., of JACOB BALDWIN, Deceased, Respondent, Impleaded with Others.

*Res adjudicata — a decree of a surrogate is a bar to a subsequent action involving the same questions.*

Where a surrogate has jurisdiction of the parties and of the subject-matter, his decree has the same force and effect as the judgment of any other competent court, and is a bar to any subsequent action involving questions which were raised in the proceeding which was terminated by the decree.

The complaint in an action brought against one Smith, individually and as executor of Jacob Baldwin, deceased, and against other persons interested in his estate, asked as relief that the defendant executor account for all the property which had come into his hands as such executor, and also for the proceeds of the sale of certain real estate made by him under a power of sale contained in the will of the testator, together with the rents and profits of the land sold. It appeared that on the 5th day of December, 1894, the executor filed a petition in the proper Surrogate's Court praying for a judicial settlement of his accounts, and that the citation in the matter was personally served upon the plaintiff, who appeared and filed objections to the account, setting up in substance the same claims which she subsequently made in the action brought by her. A decree was entered overruling her objections and adjudging that she had no

interest in the estate of Jacob Baldwin. In the meantime, and after the commencement of the proceedings for final settlement, and after the citation had been served upon the plaintiffs, she commenced the present action; the defendant, by his amended answer, denied all the allegations of fraud and also pleaded in bar the decree of the Surrogate's Court, to which latter defense the plaintiff demurred.

*Held,* that the decree of the surrogate was a bar to the action brought by the plaintiff, being a previous adjudication of the questions involved therein.

APPEAL by the plaintiff, Elizabeth Baldwin, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 11th day of April, 1895, overruling the demurrer of the plaintiff to so much of the answer of the defendant, William Henry Smith, individually and as executor, etc., as is contained in the first paragraph thereof, which sets up as a bar to the action a decree of the surrogate of Queens county made on an accounting by the said defendant in his representative capacity.

*Mansfield Compton,* for the appellant.

*Albert W. Seaman,* for the respondent.

DYKMAN, J. :

This is an appeal from an order overruling the demurrer of the plaintiff to a part of the answer of the defendant Smith. The action is brought against the defendant Smith as executor, and against certain other persons interested in the estate of Jacob Baldwin, deceased.

The plaintiff demands in her prayer for relief that the defendant Smith, as executor, account for all the property which came into his hands as such executor, both real and personal, and also for the proceeds of the sale of real estate sold by him under the power of sale contained in the will of the testator, together with the rents and profits of the land so sold. The facts are briefly these :

On the 5th day of December, 1894, the executor filed a petition in the Surrogate's Court of Queens county praying for a judicial settlement of his accounts as executor and for a final discharge.

A citation was issued upon such petition, returnable on the 31st day of January, 1895, and directed among others to the plaintiff, and it was returned with proof of personal service upon her.

On the return of the citation, on the 31st day of January, 1895, the plaintiff appeared by counsel and filed objections to the account, by which objections the same claims were made as are now set up in the complaint, and such proceedings were had that on the 28th of February, 1895, a decree was entered by which it was adjudged that the plaintiff had no interest in the estate of the deceased, and the decree also overruled all the objections filed by the plaintiff.

In the meantime, and after the commencement of the proceedings for final settlement, and after the citation had been personally served upon the plaintiff, she commenced this action by the service of a summons and complaint.

The defendant Smith by his amended answer denied all the allegations of fraud, and in addition to such defense he interposed a decree of the Surrogate's Court, made in the proceedings for final settlement, as a bar to the further prosecution of this action.

To that defense the plaintiff demurred as insufficient in law. The issue of law raised by the demurrer was argued at the Special Term, and was decided in favor of the defendant Smith, and the order overruling the demurrer was entered from which this appeal is taken.

It is admitted by the demurrer that the plaintiff was one of the parties before the surrogate, represented by counsel, who introduced objections to the account of the defendant Smith as executor and against whose interest the decree was entered. The surrogate had jurisdiction of the parties and of the subject-matter, and his decree had the same force and effect as the judgment of any other competent court. (*Garlock* v. *Vandevort*, 128 N. Y. 377.)

The decree of the surrogate, therefore, constituted a bar to this action as being a previous adjudication of the questions involved therein, but the order is not appealable, and the appeal must be dismissed, with ten dollars costs and disbursements, to be paid by the plaintiff personally.

BROWN, P. J., and PRATT, J., concurred.

Appeal dismissed, with costs.