BARTLETT, J.
The defendant is the executor of the will of. Jacob Baldwin. By that will, the testator bequeated to his sister-in-law, Mary Baldwin, full and complete possession of all his personal property, of every kind, which he had on his farm, for her sole benefit as long as she should live; and he.-directed his executor ■ -to sell so much of the land which comprised his homestead as would be necessary for the support of the said Mary Baldwin. After her death, -the remainder was divided' and bequeathed to various relatives, including Nicholas Baldwin, the brother of the testator, now deceased. The plaintiff is one of the children of Nicholas Baldwin. She brings this suit for an accounting against the executor of her uncle’s will, joining ¿with him, as defendants, all the other persons interested in the estate in remainder. In her complaint, she -alleges that the executor took possession of the homestead premises mentioned in the will, and collected the rents, issues, and profits thereof; that he also took possession of the personal property; and that he has failed to account for the same, with the exception of a very small portion. She further alleges, that, under the supposed power contained in the will, the executor has sold, or pretended to sell, the homestead to one Alfred Loweth for the sum of $1,600, when, in law, he was not authorized, by the terms of the will, to convey more than a part of the premises. ■She charges that this -conveyance was collusive and fraudulent, and made in bad faith, and for an inadequate consideration. In the prayer for judgment, the plaintiff demands that the executor account, at the actual market value of the land, for the proceeds ■of the real estate thus sold, in case the sale be held to be valid, and that he also account for the rents and profits, -and for the per-sonal property of the testator, whether yet reduced to possession •or not. The executor, by bis answer, sets up that, -at the commencement of this .action, a proceeding for the settlement of his accounts was pending in the surrogate’s court of Queens county;; that the plaintiff was a party to that -proceeding, having been duly cited therein; that she appeared and filed objections to the *667 executor’s account; and thereupon “ such proceedings were had that on or about the 28th day of February, 1895, a decree was entered in said surrogate’s court finally judicially settling the account of this defendant as such executor.” The executor denied that he had failed to account for the personal property of his testator, or any part thereof. As to the land, he averred that the estate which Jacob Bald win had in the homestead already mentioned was only one undivided' half part thereof; that a mortgage upon this half part had become past due, so that foreclosure was threatened ; and that thereupon the executor joined with the owners of the other half in the conveyance to Alfred Loweth, from whom he received, therefor $1,619.25, which was a full and fair price, and the best that could be obtained. The answer further contained ■denials of all the allegations of fraud or collision contained in the ■complaint. To that portion of the answer in which the decree of the surrogate’s court was pleaded as a bar to the further prosecution of this action, the plaintiff demurred. Her demurrer was overruled, and she appealed to the general term, which held that the plea in bar was good. Baldwin v. Smith, 91 Hun, 230; 72 St. Rep. 60. The issues of fact have now been tried, and all determined in favor of the defendant executor; and from the judgment entered upon the dismissal of the complaint at special term the plaintiff has appealed to this court.
The learned judge at special term found that-the sale of the homestead was honestly made, for the best price that could be obtained, and without any fraud or evil purpose; and he furthermore found, as matter of law, that the decree of the surrogate upon which the defendant relied was conclusive until reversed. It is the latter conclusion which the plaintiff attacks on the present appeal. At the request of her counsel, the court below found that there were no personal assets in the hands of the executor at ■the time the surrogate’s decree was pronounced, and the contention in behai of the appellant is that the surrogate was without jurisdiction in the proceeding, because the money in the possession of the executor was solely derived from the sale of his testator’s lands. The surrogate’s court, however, is expressly vested with jurisdiction to compel an executor to account for the proceeds of real estate sold under-a power in a will (Code Civ. Proc. § 2726, •subd. 4); and an executor may render a voluntary account of such ¡proceeds and their disposition, under section 2728 of the Code. 'The sale in the present case was ¡made in pursuant to the power •contained in the will of Jacob Baldwin. While that power authorized the sale of only so much of the land comprising the hornestead of the testator ¡as should be necessary for Mary Baldwin’s support, we cannot say that it may not have been necessary to sell the whole of the testator's interest in order to raise a sufficient amount. The record is raiher meager, and does- not disclose what the fact was in this respect. But the surrogate’s jurisdiction may be maintained without determining the character of the power. In re Bolton, 146 N. Y 257; 66 St. Rep 630. It appears to be enough that the- power has- been executed by the accounting party. Nor is it an-objection of any importance that the *668 surrogate may have to pass upon the meaning or validity of & testamentary provision in the course of the proceeding. So far as it is necessary for the surrogate to construe the will upon such an accounting, in order to make a proper decree of distribution, he-possesses the requisite power, even though the will relates to real estate. Garlock v. Vandevort, 128 N. Y. 374; 40 St. Rep. 418; Purdy v. Hayt, 92 N. Y. 446. This power is in no respect questioned or denied in Re Merriam, 136 N. Y. 58; 48 St. Rep. 897, cited in behalf of the appellant. In that case the question related to the jurisdiction of the surrogate to'inquire into the validity of a testamentary gift of real estate in the proceeding for the probate of the will which contained it, — a matter very different from the-incidental power to construe a will,' which is often essential as a prerequisite to a distribution of the property. In re McComb, 117 N. Y. 378; 27 St. Rep. 259, also on appellant’s brief, is not an authority in her favor, but a case in which it is expressly declared that an executor must account' in the surrogate’s court for the proceeds of real estate turned into- money.
The special term was right in holding that the decree of the surrogate’s court was conclusive upon the plaintiff herein, and the-judgment below should be affirmed.
All concur.