(22 App. Div. 216.)

CONANT v. WRIGHT et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1897.)

1. TRUSTEE—SETTLEMENT OF ACCOUNTS—JURISDICTION OF SURROGATE.
Under Code, § 2814, which gives the surrogate jurisdiction to settle the accounts of a testamentary trustee; and sections 2814 and 2818, which give him the power to grant the application of a testamentary trustee to resign his trust, and have his accounts settled, and to appoint his successor, —the surrogate has jurisdiction to adjust and allow the trustee's commissions and the expenses of the accounting.

2. SAME—APPOINTMENT OF SUCCESSOR.
After the surrogate has entered an order settling the accounts of a trustee, it has jurisdiction to appoint his successor, before it has entered an order accepting the resignation of such trustee, and discharging him from the trust.

3. INJUNCTION—EXERCISE OF JURISDICTION.
When a court has jurisdiction to entertain proceedings, such proceedings will not be enjoined upon the claim that questions will arise therein which will be beyond the jurisdiction of the court.

Appeal from special term.

Action by George S. Conant against George A. Wright and others. From an order sustaining a demurrer to plaintiff's complaint, an appeal is taken. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Conway & Westbrook, for appellant.
R. E. Waterman, for respondent Wright.
Eugene F. Seymour, for other respondents.

PARKER, P. J. The appellant in this case claims that the surrogate had no jurisdiction to make a decree that would place any charge or incumbrance upon the principal of the trust fund in ques-

tion. That fund was created by the will of George N. Seymour, de-
ceased, and, at the time the decree in question was made, was in
the custody of Isaac L. Seymour, as sole surviving trustee under
such will, and of Eugene F. Seymour and Francis G. Seymour, execu-
tors of George D. Seymour, a deceased trustee under such will. On
the petition of said Isaac L. Seymour, praying that the executors of
said deceased trustee account for so much of the trust estate as had
come to the hands and possession of their testator, and that he be
allowed to resign his trust, and that a judicial settlement of their
accounts as such trustees be had, and a successor be appointed to
succeed him in its management and control, the surrogate of St.
Lawrence county issued a citation to all parties interested in such
trust fund, to attend such settlement, and to show cause why a de-
cree should not be made in accordance with the prayer of such peti-
tion. That citation was duly served upon all parties interested,
including this plaintiff; and the surrogate thereby acquired jurisdic-
tion both of the person of this plaintiff and of the subject-matter
referred to in the petition. That such subject-matter was within
the scope of the jurisdiction conferred by statute upon the surrogate
clearly appears from sections 2472, 2814, and 2818 of the Code.

The appellant's counsel, however, seems to argue that notwith-
standing the Code gives the surrogate jurisdiction to settle and
finally adjudicate upon the accounts of a testamentary trustee (sec-
tion 2814), and to entertain and grant the application of a testa-
mentary trustee to resign his trust, to have his accounts judicially set-
tled, and to appoint his successor (sections 2814 and 2818), neverthe-
less the surrogate does not thereby acquire any jurisdiction to make
any decree that would justify a charge against the principal of the
trust fund in question. That fund was in the hands of the peti-
tioner, in trust, to invest, collect the rents and profits, and pay the
income therefrom over to Sophia M. Conant, for her life, and, upon
her death, to pay over and transfer the same to this plaintiff. The
adjustment of the trustee's lawful commissions under such trust,
and the expenses of such accounting, were necessarily included in
such an accounting. The judicial settlement of his account would
be incomplete unless it determined how much was to be credited
him for commissions, and against what fund it was to be charged.
To illustrate: Suppose the trustee in this instance had each year,
for all the years he has administered the trust, paid over the whole
income to Mrs. Conant, and charged against the principal annually
a certain sum for commissions, and had claimed to be credited such
sums upon this judicial settlement of his accounts; would not the
surrogate have had jurisdiction to determine that such charge
against the principal fund was not lawful, and to have decreed that
he must be charged with the full amount of that fund, as property
in his hands? It seems to me clear that he would. Whitson v.
Whitson, 53 N. Y. 479. And it does not affect the question of his
jurisdiction that he decides such question incorrectly. The power
to determine such question is incident to the settlement of the trus-
tee's accounts. It is a requisite to the exercise of the power of judi-
cial settlement of such accounts, and, as such, was, to use the phrase

of the justice at special term, "within the judicial grasp of the surrogate's court." Riggs v. Cragg, 89 N. Y. 479; Laytin v. Davidson, 95 N. Y. 263–267. There is a plain distinction between this case and that of Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8, upon which the appellant relies. In that case the court first determined that, under the trust, the remainder, after the termination of the life estate, was vested in certain infant children, and that hence the property ordered to be sold was the real estate of infants. It then decided that the supreme court never had any jurisdiction to order the sale of real estate of infants, except such as the statute gave it; and that, inasmuch as the proceedings which ordered the real estate sold in that case had not been taken under the statute, the court was utterly without jurisdiction to make it; and that, therefore, the sale could be attacked collaterally. Such decision has no bearing upon the question above discussed.

The further objection that the surrogate had no jurisdiction to appoint Wright as Isaac L. Seymour's successor until after the order was entered accepting Seymour's resignation, and discharging him from the trust, is not well taken. Practically, Isaac L. Seymour's right to further execute the trust had ceased by force of the order already entered. The criticism goes to a question of practice, rather than to one of jurisdiction.

The further claim that this action is necessary to restrain Wright's proceedings in surrogate's court for a judicial settlement of his accounts, as trustee and successor to Isaac L. Seymour, for the reason that a construction of the will under which the trust was created will be necessary, cannot be sustained. The right to settle such accounts is squarely given to that court by section 2472 of the Code; and such a proceeding should not be enjoined upon the mere claim that questions will arise therein which the surrogate has not jurisdiction to decide. If they do arise, proceedings can then be taken to have them properly determined; but the jurisdiction to take the accounting is clear. Moreover, it is not at all clear that the surrogate has not jurisdiction to decide the question which the appellant claims will arise, so far as it is necessary to a correct settlement of the trustee's accounts. Code, § 2743; Garlock v. Vandevort, 128 N. Y. 374, 28 N. E. 599; Riggs v. Cragg, 89 N. Y. 492; In re Verplanck, 91 N. Y. 439. It seems clear that the surrogate's court had jurisdiction to act in the matters specified in the petition of Isaac L. Seymour, and that the decree made thereon is conclusive as against this plaintiff, until it is revoked, or reversed on appeal. O'Connor v. Huggins, 113 N. Y. 511, 21 N. E. 184.

We conclude that the judgment appealed from should be affirmed, with costs. All concur.