## BROWN v. WHEELER.

(Supreme Court, Appellate Division, Third Department. June 28, 1900.)

JUDGMENT—DECREE OF SURROGATE—CONCLUSIVENESS.

In a proceeding under Code Civ. Proc. §§ 2729, 2743, to obtain a judicial settlement of an executor's account, and a distribution of the funds to the persons entitled, the surrogate having power, when all parties interested are present, to determine the validity of the provisions of the will, his decree, directing payment of a legacy to a religious society, which is not appealed from, is a bar to a subsequent action by a legatee to recover such legacy on the theory that the bequest was void.

Appeal from special term.

Action by Mariam Brown against Lillian Delphine Wheeler, individually and as executrix of Artemus Bassett, deceased, to recover of defendant an interest in a certain legacy. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and EDWARDS, MERWIN, SMITH, and KELLOGG, JJ.

Wheeler & Woodward, for appellant.
Shedden & Vert, for respondent.

MERWIN, J. On the 6th day of January, 1894, Artemus Bassett, then a resident of West Chazy, in the county of Clinton, died, leaving a last will and testament, which was duly admitted to probate on February 12, 1894, and letters testamentary issued to the defendant, Lillian Delphine Wheeler, the executrix named in the will. The plaintiff and the defendant were the sole heirs and next of kin of

the decedent. The will was made December 28, 1893. One of the bequests in the will was ·as follows:

"I give my daughter Mariam Brown use of $1,000 during her life, and after her death I give the use of it to the Wesleyan Methodist Church at West Chazy Corners, N. Y."

It was subsequently provided in the will that:

"If the said Wesleyan Methodist Church of West Chazy, N. Y., ceases to exist, then I give the said $1,000 to the said Wesleyan Methodist Parent Society, located at Syracuse, N. Y."

The personal estate which came into the hands of the executrix exceeded the sum of $1,000 over and above the debts and expenses. On the 25th March, 1895, the executrix had in the surrogate's court a judicial settlement of her accounts. To this the defendant was duly cited, and appeared in person and by attorney. In the decree that was entered at the above-mentioned date it is recited that a citation had been issued, pursuant to the statute, to all persons interested in the estate of the deceased, and that, on the return thereof, satisfactory evidence by affidavit was produced, showing due service thereof on the heirs and next of kin and legatees of the deceased. The decree contained the usual provisions finally settling and adjusting the accounts of the executrix, and determining the balance in her hands. The executrix was then directed "to retain in her hands $1,000 of said balance, and keep the same invested, and pay over the income thereof to Mariam Brown during her life, and after her death to Wesleyan Methodist Church at West Chazy, N. Y., according to the provisions of testator's will." Pursuant to this decree the defendant did invest the $1,000, and has since kept the same invested, and has paid the income to the plaintiff.

This action was brought in June, 1899, to recover of the defendant the one-half of the $1,000 legacy, upon the theory that as to the church the legacy was void, as the testator died within two months after the making of the will, and therefore the plaintiff, as one of the two next of kin (there being no residuary bequest), took the one half thereof absolutely. As to the other half, the plaintiff asked the court to direct that it be paid to her, as the life tenant, upon her giving security for its return at her death. The Wesleyan Methodist Church is not a party to the action. It is a religious corporation incorporated under chapter 319 of the Laws of 1848. The defendant is holding and managing the fund in pursuance of the decree of the surrogate's court. That has not been appealed from or set aside. There is evidence that the plaintiff consented to the making of the decree. If the surrogate's court had jurisdiction to make the decree, it is a bar to the plaintiff's action. The plaintiff seeks here relief inconsistent with the decree. The decree was made in a proceeding, instituted by the executrix, to obtain a judicial settlement, in pursuance of section 2729, Code Civ. Proc. In regard to such a proceeding it is provided by section 2743, as it was at the date of the decree, as follows:

"Sec. 2743. Where an account is judicially settled, as prescribed in this article, and any part of the estate remains, and is ready to be distributed to the creditors, legatees, next of kin, husband, or wife of the decedent, or their assigns, the decree must direct the payment and distribution thereof to the

persons so entitled, according to their respective rights. If any person, who is a necessary party for that purpose, has not been cited or has not appeared, a supplemental citation must be issued, as prescribed in section two thousand seven hundred and twenty seven of this act. Where the validity of a debt, claim or distributive share, is not disputed or has been established, the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same. With respect to the matters enumerated in this section, the decree is conclusive upon each party to the special proceeding, who was duly cited or appeared; and upon every person deriving title from such a party."

Under this section, as the fund in question was ascertained, and was ready for distribution to the legatees or next of kin, the court was required to direct the payment and distribution to the persons entitled, according to their respective rights. The validity of the bequest to the church was not disputed. The court had power to direct payment, and to determine all questions concerning the same, and the decree was conclusive on all who appeared or were duly cited. All parties in interest were duly cited. In Garlock v. Vandevort, 128 N. Y. 374, 28 N. E. 599, it is said that a surrogate, in a proceeding before him having for its object the settlement of an executor's accounts and the obtaining of a decree directing the distribution of the fund in his hands, when all the parties in interest are present, has authority to construe the provisions of the will, and determine their meaning and validity, whenever necessary in order to make his decree as to distribution. This view is supported by the cases of Riggs v. Cragg, 89 N. Y. 479; In re Verplanck, 91 N. Y. 439; Purdy v. Hayt, 92 N. Y. 446. In the Garlock Case it was held that the capacity of a party to be a legatee, within a certain specification in the will as to residence, could be determined by the surrogate's court in proceedings for a judicial settlement. So it has been held that the question of legitimacy of children claiming to be distributees could be determined (In re Laramie [Sup.] 6 N. Y. Supp. 175), and the capacity of an institution to take a legacy (In re York's Estate, 1 How. Prac. [N. S.] 16). See, also, Redf. Sur. (5th Ed.) 783. In Re Randall, 152 N. Y. 508, 46 N. E. 945, where the same distributive share was claimed by two persons,—one by original title, and the other by an assignment apparently valid,—it was held that the surrogate's court did not have the power to try the question of the validity of the assignment. That case is not applicable here. There was no question before the surrogate as to the validity of any deed or assignment. See Garlock's Case, 128 N. Y. 379, 28 N. E. 599. There is not, as it seems to me, any doubt about the jurisdiction of the surrogate's court to make the decree. The power to determine who are the proper distributees is incident to the power to make distribution, unless such power is limited by some express provision of statute. It is hardly necessary to say that we cannot here review the decree of the surrogate's court. Nor does it appear that, since the decree was made, anything has transpired that would call upon this court to interfere with the custody of the fund. The complaint was, we think, properly dismissed.

Judgment affirmed, with costs. All concur.