1. EXECUTORS AND ADMINISTRATORS (§ 507*)—ACCOUNTING—JURISDICTION.
    Under Code Civ. Proc. § 2726, which empowers the Surrogate's Court to compel a judicial settlement of an executor's account, such court had power to determine on an accounting whether the executors had exercised proper care and diligence in selling real property pursuant to a power contained in the will.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2004, 2005, 2178–2191; Dec. Dig. § 507.*]

2. ESTOPPEL (§ 90*)—SALE OF PROPERTY UNDER POWER—CONSENT.
    Where testator devised land to his children in equal shares subject to the life estate of their mother, and the executors under a naked power given by the will sold the land to one child for $5,000, a residuary devisee, who had stated that if the others were willing to sell for $5,000 she would take the same, was estopped from claiming that the executors' accounts should be surcharged for negligence in selling the land for less than its fair market value without proper effort to obtain such value.
    [Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 242–244, 248–256; Dec. Dig. § 90.*]

Proceedings upon the judicial settlement of the account of Sickler P. Weed and another as surviving executors, etc.  Decreed according to opinion.

Irwin Esmond, of Ballston (James W. Verbeck, of Ballston, of counsel), for Sickler P. Weed and Leonard J. Weed.

H. E. McKnight, of Ballston Spa, for Jennie E. Witbeck.

---

OSTRANDER, S. Deceased devised certain real estate for life to his widow, with remainder to his six children equally. He gave his executors "full power and authority to sell and dispose of any and all of my real property as to them may seem best." The executors were not trustees, and the above power is a naked power of sale. The executors acting under this power sold a farm to one of the children for $5,000 and have brought the proceeds into court for distribution. Contestant, Mrs. Witbeck, one of the residuary devisees, objects to the price received, alleging that the executors violated their duty by negligently selling this farm for less than its fair market value, without proper effort to obtain such value. She seeks to surcharge their account with the loss so occasioned. The executors challenge the jurisdiction of this court to determine this controversy, claiming that the jurisdiction of the court is strictly confined to the distribution of the proceeds of sale as produced in court by the executors, and that this court may not question the propriety of their acts in reference to the sale.

No question is presented of the power to sell. Nor is there any question of fraud involved; nor any question of a testamentary trustee's dealing with his trust, as in Matter of McInerney, 62 Misc. Rep. 441, 116 N. Y. Supp. 1039. Nor does the will give the executors absolute discretion as to the amount for which the property shall be sold. It gives, rather, a discretion as to how much of the property shall be sold, if any, and when.

[1] Under section 2726 of the Code, the Surrogate's Court may compel a judicial settlement, after one year, of an executor's account, where he has sold any of decedent's real estate pursuant to a power contained in the will. There being no question of fraud alleged, nor any question involved requiring relief in equity, I think this court has power to determine on this accounting the question of the executors' care and diligence in selling the property. Baldwin v. Smith, 3 App. Div. 350, 38 N. Y. Supp. 299. Any other conclusion would leave to the court the mere clerical duty of dividing such sum as the executors chose to bring in after selling property in the most careless manner, a result which I do not think the statute contemplates.

[2] This brings us to the question whether the executors were negligent in selling the farm at less than its fair market value. There is no evidence or claim of any corrupt action by the executors. They sold their own share as well as contestant's share. They also sold the shares of all the others, equally interested, none of whom, except contestant, complain of the price received. While this is not conclusive upon the question of negligence, it is a circumstance to be seriously considered.

There was a great divergence of opinion among the witnesses as to the value of the farm at the time it was sold. The contestant's witnesses place the value at from $6,162 to $8,337.50, while the executors' witnesses place it from $4,000 to $5,000. Contestant and her husband say that they told one of the executors that he (contestant's husband) would furnish a man who would pay $6,000 for it. This is flatly denied by the executors. One of the executors testified that he had inquired of a number of people, including one of the town assessors, what the farm ought to bring and that not one thought it

worth over $5,000. But it is not necessary to pass upon this issue of fact, since the contestant says that she afterward told the executors that, if all the rest were willing to sell for $5,000, she would take what the rest would take. The executors having acted on this consent given by her, which she does not dispute but expressly admits, she is estopped from questioning the acts of the executors done in pursuance of it.

I do not think that the evidence warrants a decree surcharging the executors. The objections are therefore disallowed, without costs to any party.

Decreed accordingly.