Christopher C. McGrath, S.
The decedent in her lifetime was the trustee of three trusts, two inter vivos and one testamentary.
The petitioners, asserting their title to the specific property constituting the corpus of the respective trusts admittedly in *289 the possession of the administrator, have brought these proceedings pursuant to section 206-a of the Surrogate’s Court Act to obtain delivery of such assets.
The administrator has filed an answer in which he does not dispute the title of the petitioners but denies that they are entitled to delivery of the property and alleges that the pending proceedings brought by him in the Supreme Court and in the Surrogate’s Court, Kings County, to settle the accounts of the decedent as trustee of the various trusts will determine the rights of the petitioners to possession. He also moves to dismiss these proceedings.
It is fundamental that a trustee or his representative has a right to have his accounts judicially settled and to be discharged before relinquishing control of the trust property (Bolten v. Wemett, 3 A D 2d 708). Moreover, with respect to the testamentary trust full relief may be obtained by the petitioners in the Surrogate’s Court, Kings County, pursuant to section 257 of the Surrogate’s Court Act which authorizes the Surrogate to make “ a distribution, in whole or in part ” upon the accounting, if he finds that there can he such a distribution. Since this power conferred upon the Surrogate by statute is inherent in the Supreme Court, similar relief may be obtained in the proceedings affecting the inter vivos trusts.
The Court of Appeals has stated in Colson v. Pelgram (259 N. Y. 370, 375): “ It is also the general rule that where separate actions have been instituted between the same parties in reference to the same subject-matter in courts having concurrent jurisdiction the court which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it. (Schuehle v. Reiman, 86 N. Y. 270; Garlock v. Vandevort, 128 N. Y. 374.) ”
Accordingly, the motions to dismiss the petitions are granted.