John J. McCall, S.
The respondent in this court moves to dismiss the petition for the adoption of two infants on the ground that the court lacks jurisdiction of the subject matter. It is the claim of the moving party that the New York State Constitution (art. VI, § 13, subd. b) provides that: “ The family court shall have jurisdiction over the following classes of *225 actions and proceedings which shall be originated in such family court in the manner provided by law * * * (3) the adoption of persons ’ \
The respondent further argues that the word “shall” is mandatory and not permissive or directory. He cites People v. De Jesus (21 A D 2d 236) as authority for the proposition advanced that the mandate of the Constitution is that Family Court is the exclusive tribunal for adoption proceedings. He is right unless there is some other provision of the New York State Constitution that would permit a diminution of such exclusive jurisdiction.
Subdivision d of section 12 of article VI provides that: “ The surrogate’s court shall have jurisdiction over all actions and proceedings relating to the affairs of decedents, probate of wills, administration of estates and actions and proceedings arising thereunder or pertaining thereto, guardianship of the property of minors, and such other actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law ”.
The plain and simple meaning of that provision is that the Legislature is empowered to confer any jurisdiction on the Surrogate’s Court as long as the same is not an interference with the exclusive jurisdiction of the Supreme Court. No prohibition against interference with the constitutionally established Family Court jurisdiction is to be found in the Constitution itself. The prohibited interference — with the Supreme Court — was set forth in the fundamental law itself. No additional bar can be added by implication.
The Legislature in adopting and subsequently amending section 641 of the Family Court Act acted within constitutional confines in giving concurrent jurisdiction in adoption proceedings to the Surrogate’s Court.
Motion denied and cross motion for a new hearing in the matter granted and such hearing will be held in this court March 8 at 11:00 a.m.