OPINION OF THE COURT
Stanley Gartenstein, J.
Four adoption proceedings heretofore pending in the Surrogate’s Court of New York County have been “transferred” to this court for all purposes on the rationale that investigative services available to this court make it the more appropriate forum. Puzzled as we are concerning this conclusion in view of that court’s clear indication to the contrary in Matter of Anonymous (G.) (89 Misc 2d 514),[1] even assuming its factual accuracy, we must nevertheless decline jurisdiction as a matter of law.
The concurrent jurisdiction over adoptions now shared by the Family Court and the Surrogate’s Court was originally intended, by virtue of constitutional amendment effective September 1,1962, to be vested exclusively in the Family Court on the wishful thinking that this court with its investigative and auxiliary services is better equipped to process these proceedings. Notwithstanding this rationale, the Surrogate’s Court, which was to have been totally divested of jurisdiction over adoptions, continued, by virtue *516 of succeeding legislative enactments (cf. Family Ct Act, § 641; Matter of Ekstrom, 49 Misc 2d 224, app dsmd 17 NY2d 665) to retain same on a “temporary” basis, concurrently with this court. The latest extension of this jurisdiction majr be found in the most recent amendment to section 641 of the Family Court Act which now continues this “temporary” extension into its twelfth year through September 1, 1984, by a Legislature which seems reluctant to entrust the exclusive mandate to this court which was contemplated by the Constitution and the People of this State who ratified it. Because of this reluctance, an anomalous situation exists whereby the Family Court, which was to possess exclusive jurisdiction, now must decline any jurisdiction whatsoever.
The source of jurisdiction of the respective courts may be found in article VI of the New York State Constitution. Section 12 thereof which continues the Surrogate’s Court (subd a), delineates its jurisdiction as follows (subd d): “The surrogate’s court shall have jurisdiction over all actions and proceedings relating to the affairs of decedents, probate of wills, administration of estates and actions and proceedings arising thereunder or pertaining thereto, guardianship of the property of minors, and such other actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law.” (Emphasis added.)
The jurisdiction of the Surrogate’s Court over adoptions, not being specifically enumerated constitutionally in section 12 of article VI, falls under the umbrella of the emphasized portion of subdivision d referring to “such other actions and proceedings * * * as may be provided by law” (Matter of Ekstrom, 49 Misc 2d 224, supra, app dsmd 17 NY2d 665). The Legislature has in fact granted this jurisdiction over adoptions by virtue of section 641 of the Family Court Act. (Matter of Ekstrom, supra.)
Turning to the Family Court, its original jurisdiction over adoptions may be found in article VI (§ 13, subd b, par [3]) as a specifically enumerated constitutional grant.
In addition to its original jurisdiction as spelled out in article VI (§13, subd b), the Family Court may exercise derivative jurisdiction on transfer from the Supreme Court *517 only, over matters specifically enumerated as follows (NY Const, art VI, § 13, subd c): “The family court shall also have jurisdiction to determine, with the same powers possessed by the supreme court, the following matters when referred to the family court from the supreme court: habeas corpus proceedings for the determination of the custody of minors; and in actions and proceedings for marital separation, divorce, annulment of marriage and dissolution of marriage, applications to fix temporary or permanent support and custody, or applications to enforce judgments and orders of support and of custody, or applications to modify judgments and orders of support and of custody which may be granted only upon the showing to the family court that there has been a subsequent change of circumstances and that modification is required.” (NY Const, art VI, § 13, subd c.)
Clearly, the only “transfer” jurisdiction possessed by the Family Court is upon a referral from the Supreme Court[2] and is limited to those categories specifically enumerated, an enumeration which does not include adoptions. Accordingly, strictly in terms of being the recipient of any such transfer, the Family Court lacks the power to accept referral thereof from the Surrogate’s Court.
We turn now to the power of the Surrogate’s Court to refer or transfer any such proceeding in the first instance. This power if it exists at all, derives from section 19 of article VI of the Constitution which establishes two categories of transferable actions, viz., mandatory (subds b, d, e, f, g) and permissive (subds a, c, h, i). With regard to mandatory transfer, subdivision d applicable to the Surrogate’s Court restricts any such order to a proceeding “over which the surrogate’s court has no jurisdiction.” .Clearly, the Surrogate’s Court having jurisdiction over adoptions, this subdivision has no applicability. On the other hand, the permissive provision of section 19 as regards the Surrogate’s Court’s right to transfer any proceeding reads as follows: “As may be provided by law, the county court, the *518 surrogate’s court, the family court and the courts for the city of New York established pursuant to section fifteen of this article may transfer any action or proceeding, other than one which has previously been transferred to it, to any other court, except the supreme court, having jurisdiction of the subject matter in any other judicial district or county provided that such other court has jurisdiction over the classes of persons named as parties.” (NY Const, art VI, § 19, subd h.)
The catch-phrase limiting the Surrogate’s power to transfer any proceeding is the introductory admonition “[a]s may be provided by law”. The statute which implements this provision is SCPA 209 (subd 3) which reads: “To transfer for trial in the surrogate’s court having jurisdiction any action or proceeding pending in any court other than the supreme court, which affects or relates to the administration of an estate and to receive for trial any such action or proceeding pending in the supreme court which may by order of the latter court be transferred to the surrogate’s court on the prior order of that court.”
It appears therefore that the Legislature intended to limit the Surrogate’s power with regard to transfers to the receipt of a transferred case (either by its own order removing a cause to itself or by that of the Supreme Court), and that said power does not extend, under any circumstances, to an order of transfer divesting itself of jurisdiction. We are aware of Matter of “Anonymous” (NYLJ, June 24,1976, p 13, col 3), in which the learned Surrogate of Queens County not only transferred an adoption proceeding[3] to the Family Court, but also undertook to instruct the Family Court clerk to calendar proceedings with a preference. Putting aside the obvious query as to how a court of coordinate jurisdiction can “direct” personnel of another court responsible to that other court to perform any act whatsoever in the discharge of their duties — let alone control the calendars of that other court — the authority by which the learned Surrogate undertakes any action at all appears to be tenuous at best. Not finding his authority to transfer where it should ordinarily be found, it is argued in *519 “Anonymous” that the catch-all provisions of SCPA 209 (subd 9) defining general powers of the Surrogate’s Court confers upon that court powers withheld not only by the Constitution but by the Legislature as well. We must respectfully disagree with both the legal reasoning and the philosophy underlying “Anonymous”.
There being no power to transfer on the part of the Surrogate’s Court on the one hand; nor any power to accept transfer on the part of the Family Court on the other, we must respectfully decline jurisdiction. This action is also' consonant with the express policy of the Court of Appeals to the effect that where two courts have concurrent jurisdiction, the court which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it. (Colson v Pelgram, 259 NY 370; Schuehle v Reiman, 86 NY 270; Garlock v Vandevort, 128 NY 374.)

. In Matter of Anonymous (G.) (89 Misc 2d 514-515), Surrogate Midonick of this very same Surrogate’s Court, himself a former Family Court Judge who served with distinction in both courts, stated: “Owing to a system initiated in this county by this court in 1972 for all nonrelated, private-placement adoptions, the Division of Adoption Services of the Bureau of Child Welfare of the Department of Social Services of the City of New York has conducted a thorough investigation of the home, character, stability and suitability of the adoptive parents and the well-being of the baby.”

. We exclude the scheme of section 1014 et seq. of the Family Court Act which was enacted in child abuse matters in recognition of the legal truism that the same act may be both a crime and a civil wrong, pursuant to the authority granted to the Legislature by article VI (§ 19, subd h) of the New York State Constitution.

. Although the proceeding was framed in adoption, the issue of termination of parental rights by reason of abandonment was the actual issue.