## In re Valentine's Estate.
### (1 Misc. 491.)

(*Surrogate's Court, Westchester County, Filed January*, 1893.)

**1. Executor—Testamentary trustee—Jurisdiction.**

An executor, who is directed by the will to sell his testator's real estate, invest the proceeds, pay the interest of one moiety semi-annually to testator's daughter for life, and upon her death, leaving issue, divide the principal equally amongst the children on their attaining 21, being a testamentary trustee, whose duties as such are separable from his duties as executor (Code Civ. Pro. sec. 2514, subd. 6), is liable to account for the proceeds of sales made by him, in the Surrogate's Court (Code Civ. Pro. secs. 2802-11).

**2. Same—Will—Direction to sell—Jurisdiction.**

On such an accounting, the court has only power to charge the trustee with any proceeds of sale he has omitted to charge himself with, and (Code Civ. Pro. sec. 2811) decree payment and distribution. He cannot inquire into the validity of any sales of real estate made by the executor, by reason of fraud and the like.

Petition by Harriet A. Burtis, a residuary devisee and legatee under the will of George B. Valentine, to hold the executor liable in damages for certain alleged fraudulent sales of the testator's real estate made by him. The will directed the executor to sell all his real estate, invest the proceeds in bond and mortgage on real estate, pay one-half of the income to his daughter, the petitioner, for her life, and on her death leaving issue pay the principal to her children in equal shares on their attaining 21. Denied.

Wm. George Oppenheim, for petitioner; W. H. Pemberton, for executor.

Coffin, S.—In the briefs submitted by the respective counsel there is no discussion of, nor are any authorities cited on, the jurisdictional question. All that appears on the subject is contained in that submitted by the executor's counsel, in which it

is claimed that "the surrogate cannot pass upon his transactions as to sale of real estate." The result of researches made by me touching the power of the surrogate on the subject are, briefly, as follows: By section 3, ch. 252, p. 283, of the Laws of 1822, it is provided that where, by any last will, a sale of real estate is authorized to be made either for the payment of debts or legacies, it shall be lawful for the surrogate to call the executors to account for the proceeds of such sales, and the distribution thereof, etc. (subsequently repealed). By section 57, tit. 4, ch. 6, pp. 109, 110, of the second part of the Revised Statutes, we find the same provision, except that it applies only to the case where, by any last will, a sale of real estate shall be ordered to be made. Section 75, ch. 460, p. 537, of the Laws of 1837, makes a similar provision in a case where the sale is made in pursuance of an authority given by any last will; and the proceeds of sale may be brought into the surrogate's office for distribution, and shall be distributed in the same manner, and upon like notice, as if they were proceeds paid into his office in pursuance of an order of sale of real estate for the payment of debts. The above section 57 of the Revised Statutes was repealed by subdivision 3, sec. 1, ch. 245, of the Laws of 1880, and the above section 75 by subdivision 14 of the same section; thus apparently leaving no provision for either case. But, in the same year, chapters 14 to 21, inclusive, of the Code of Civil Procedure, were enacted; and it is presumed that subdivision 6, section 2514, and sections 2802-2811, inclusive, were intended to supply the places of the above repealed sections. By a "supplement to part 3 of the proposed Revised Statutes," appended to the first report of the above chapters to the Legislature by the Commissioners of the Code, will be found a section unnumbered 46, as follows:

"Where real property is sold as prescribed in the last section [in pursuance of an authority given by any last will and testament] the proceeds thereof may be brought, for distribution, into the Surrogate's Court having jurisdiction. The surrogate must proceed to distribute the same upon notice, and he has

power to compel them to be brought in for that purpose. The executor or administrator selling the real property is deemed a testamentary trustee, within the provisions of title sixth of chapter eighteenth of part third of these Revised Statutes."

The commissioners' note to this section is this:

"Proposed as a substitute for Laws 1837, ch. 460, sec. 75 (4 Edm. St. 500), which confers upon the surrogate the power to distribute the proceeds. See Stagg v. Jackson, 1 N. Y. 206. We think that section 2319 [2514 of the present Code], subd. 6, pt. 3, of this revision, in connection with sections 2572-2580 [now being 2802-2811] of the present Code, sufficiently covers the subject; but we add the foregoing section for greater caution."

The legislature did not enact this section, thus concurring in the view that the sections above referred to "sufficiently covered the subject."

The conclusion is therefore reached that the executor, being a testamentary trustee, whose duties, as such, were separable from his duties as executor, is liable to account for the proceeds of sales made by him, in this court. By section 2743, which is made applicable to the accounting of a testamentary trustee by section 2811, the surrogate must decree payment and distribution. Thus, the powers of the court to decree payment and distribution, in a case like this, are the same as those conferred by the repealed section of the act of 1837. All the acts referred to empower the surrogate simply to distribute the proceeds of sales received by the executor, and he has power to charge the trustee with any proceeds of sale which he has omitted to charge himself with. He cannot inquire into the validity of any sales of real estate made by him by reason of fraud, and the like. The court is here asked, among other things, to pronounce a sale of a lot, made by the executor to his son, and by his son to the executor's wife, void for fraud. This the court has no power to do. Section 58 of the Revised Statutes, immediately following section 57, above referred to, declares that any executor or administrator or other person appointed as

therein directed, who shall fraudulently sell any real estate of his testator or intestate contrary to the foregoing provisions, shall forfeit double the value of the land sold, to be recovered by the person entitled to an estate of inheritance therein. This section was not repealed by the repealing act of 1880, and is still in force. See 4 Throop's Rev. St. (1889), p. 2568, sec. 58. It was proposed by the enactment of section 47 of the said supplement to extend the provisions thereof to the case of an executor vested by the will with authority to sell—the forfeiture to be recovered by an action, etc.; but for some reason it appears not to have received legislative sanction. It will be discovered that in none of these enactments proposed, repealed, or in force is any power conferred upon the surrogate to inquire into and determine any question as to an alleged fraudulent sale, and he cannot do it now unless he is clothed with it by some statute. The question belongs to a higher tribunal. Surrogate's Courts are creatures of the statute, and have a jurisdiction limited thereby. It cannot be discovered that they are clothed with authority by any express law, nor any power incidental thereto. All their powers on the accounting of a testamentary trustee are defined by sections 2743 and 2812. By the latter section, where a controversy arises respecting the right of a party to share in the money or other personal property to be paid, distributed, or delivered over, it must be determined in the same manner as other issues are determined by them. See *In re* Rogers (Surr.), 16 N. Y. Supp. 197. Here the jurisdiction of the surrogate, as to the questions he may try, ceases, and he cannot go beyond and try and determine any others. In the case of Fulton v. Whitney, 66 N. Y. 548, at page 557, the court says that all the surrogate could do was to settle the accounts of the trusts created by the will. This was after the passage of chapter 115 of the Laws of 1866, which act is substantially the same as section 2802 of the present edition of the Code, and was the first which authorized a testamentary trustee to render and settle his accounts before the surrogate. All that may be sought by the petitioner in this proceeding is the recovery of interest on her

share of the proceeds of real estate sold; and she has an undoubted right, as already remarked, to show, if she can, that the testamentary trustee has not accounted for all of such proceeds, and her share of the interest thereon.    There is no controversy as to her right to so share.    All of the objections taken to the evidence tending to show fraud in the sale of lands are sustained.    The sole question that remains for determination, therefore, is the condition of the trustee's accounts.

The account of proceedings filed is very unsatisfactory, loose in structure, confusing and embarrassing.    There are only two schedules—designed, the one to show all receipts; and the other, all disbursements, embracing legacies paid, funeral expenses, and other expenses of administration, etc.    They are not added up, and no summary is furnished.    Some of the dates of receipts of proceeds of sale are omitted, as are also any statement showing how and when investments were made, rate of interest, etc.    There is no statement of the items of interest paid, or when, to Mrs. Burtis but the whole is given in a lump sum. Without enumerating other defects, these sufficiently show the careless manner in which the account was prepared.    The petitioner is chiefly interested in ascertaining the amount of the proceeds of sales on which she is entitled to one-half the interest.    According to the account—

| | |
|---|---:|
| The amount is .................................... | $72,703 25 |
| To which is to be added proceeds of sale to Fraser, conceded to have been omitted ......................... | 500 00 |
| | $73,203 25 |
| To this is added one-half interest received............ | 1,361 82 |
| | $74,565 07 |
| From which the trustee claims should be deducted, including interest paid to Mrs. Burtis, and excluding charge for service of attorney herein ....................... | 19,000.02 |
| Balance .................................... | $55,565 05 |

On which the petitioner, it is conceded, is entitled to one-half the interest, less expenses of this accounting and commissions.

As the proceeds of the sale of the Halfway House were intended to pay the legacy of $500 and interest to the wife of the trustee, and as she was not entitled to interest, which amounted to $90, and with the payment of which he credits himself, there can be no ground of complaint, as he charges himself with $600; being $10 more than he credits himself with. The item of credit of $75 for interest on legacy to George B. Valentine must be disallowed, as the testator made it payable without interest. The trustee credits himself with some items in contempt proceedings in the Supreme or County Court. These proceedings appear to have been against him for some neglect of duty. These items, amounting, as nearly as can be ascertained, to $36.50, are disallowed. Adding these items to the above balance, makes it $55,676.55. It does not seem to be controverted that the petitioner has received $1,361.82 for interest moneys on her share. There is no evidence furnished, or data given, whereby the court can adjudge as to the correctness of that amount; but it is assumed to be all that her fund earned down to October 20, 1891, with the possible exception of the interest on $111.50—the sum of the items above disallowed. If the trustee has failed to produce proper vouchers for any of the credits claimed by him, he is still at liberty so to do. If he fail to do so, or furnish the evidence of payment thereof, as provided by section 2734 of the Code, they will be disallowed, and the fund in his hands increased accordingly. On the settlement of the decree, counsel can be heard as to any matter which may have been overlooked, and as to any other matter to which attention may be called.