(115 App. Div. 226)

MAGOUN et al. v. QUIGLEY et al.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. APPEAL—SCOPE OF REVIEW—QUESTION AT FOUNDATION OF CASE—FAILURE TO OBJECT.

On appeal from a judgment refusing to set aside an executor's deed as fraudulent at the suit of creditors of the decedent, the Appellate Division must consider whether such an action can be maintained, though none of the defendants have raised such point.

2. EXECUTORS AND ADMINISTRATORS—ACTIONS AGAINST EXECUTORS—SETTING ASIDE DEED—STATUTORY PROVISIONS.

Personal Property Law, Laws 1897, p. 509, c. 417, § 7, provides that "an executor * * * may for the benefit of creditors * * * resist any act done or transfer * * * made in fraud of the rights of any creditor. A creditor of a deceased insolvent debtor * * * may in like manner resist any act done or conveyance made in fraud of creditors." The provision as to suits by creditors when first added to the section (Laws 1889, p. 660, c. 487) expressly confined its operation to conveyances "by such deceased debtor," but the phrase was omitted by the commissioners on statutory revision; they stating in their report to the Legislature, by a footnote to section 7, that it was "unchanged in substance." *Held* that,

in view of section 7 itself, of its history, of the power resting in the Surrogate's Court to protect creditors by requiring bond (sections 2638, 2685, subd. 5), and of an executor's liability on accounting, no action can be maintained by a creditor to set aside an executor's deed as in fraud of creditors.

Appeal from Special Term, New York County.

Action by Jesse T. Magoun and others against James M. Quigley and others. From a judgment in favor of defendants, plaintiffs appeal. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

J. Aspinwall Hodge, for appellants.

Walter F. Taylor, for respondents president and committee on admission to New York Stock Exchange.

Alfred S. Brown, for respondent Quigley.

LAUGHLIN, J. One Kinsley Magoun was a creditor of George B. Magoun, deceased, in an amount exceeding $100. The action is brought by the administrators de bonis non of said creditor against the executrix of said debtor and others to set aside as fraudulent a transfer by the executrix of the membership of the debtor in the New York Stock Exchange. Counsel for the plaintiffs cites as authority for the action section 7 of the personal property law (chapter 417, p. 509, Laws 1897), which provides as follows:

"An executor, administrator, receiver, assignee or trustee, may, for the benefit of creditors or others interested in personal property, held in trust, disaffirm, treat as void and resist any act done, or transfer or agreement made in fraud of the rights of any creditor, including himself, interested in such estate, or property, and a person who fraudulently receives, takes or in any manner interferes with the personal property of a deceased person, or an insolvent corporation, association, partnership or individual is liable to such executor, administrator, receiver, or trustee, for the same or the value thereof, and for all damages caused by such acts to the trust estate. A creditor of a deceased insolvent debtor, having a claim against the estate of such debtor, exceeding in amount the sum of one hundred dollars, may, without obtaining a judgment on such claim, in like manner, for the benefit of himself, and other creditors interested in said estate, disaffirm, treat as void and resist any act done or conveyance, transfer or agreement made in fraud of creditors or maintain an action to set aside such act, conveyance, transfer or agreement. Such claim if disputed may be established in such action. The judgment in such action may provide for the sale of the property involved, when a conveyance or transfer thereof is set aside, and that the proceeds thereof be brought into court or paid into the proper Surrogate's Court, to be administered according to law."

It was alleged and proved that the deceased debtor was insolvent. No question appears to have been raised upon the trial or upon the appeal as to the right of the plaintiff to maintain the action, but the question suggested itself to the court upon the argument of the appeal, and the query was propounded to counsel for appellant with a view to receiving the benefit of any argument he might be able to present to sustain the action. It is manifest that such an action would not lie at common law. Since the executrix is accountable in the probate court for all personal property of the estate received by her, it would seem that clear warrant for an independent action by a credit-

or to review a transfer of personal property made by her should be found in the statute, or such an action should not be sustained. Notwithstanding the fact that the objection has not been taken by any defendant, as it lies at the foundation of the action, our decision, if the action be not maintainable, and we ignored that question, might become a misleading precedent. We must therefore examine and decide that question before proceeding to consider the case on the merits.

The reasonable and fair construction of the statute quoted, standing alone, does not authorize such an action; and when the history of the legislation is examined I deem it quite clear that the Legislature only intended to authorize the action to set aside a transfer made by the insolvent debtor. The Legislature by chapter 314, p. 506, of the Laws of 1858, among other things, authorized the executor or administrator of an estate, in the interest of the creditors thereof, to disaffirm a transfer in fraud of the rights of any creditor, and gave a right of action to recover the property or its value, and for damages. That statute conferred no right of action on a creditor individually. The scope of the statute is not expressly confined to transfers by the decedent; but it is evident that such was the intention, for otherwise the representative of the estate would be disaffirming his own acts and suing to recover for his own fraud. The statute was amended by chapter 487, p. 660, of the Laws of 1889, by adding the following at the end of section 1, to wit:

"And any creditor of a deceased insolvent debtor having a claim or demand against the estate of such deceased debtor exceeding in amount the sum of one hundred dollars, may in like manner for the benefit of himself and other creditors interested in the estate or property of such deceased debtor, disaffirm, treat as void, and resist all acts done, and conveyances, transfers and agreements made, in fraud of the right of any creditor or creditors, by such deceased debtor, and for that purpose may maintain any necessary action to set aside such acts, conveyances, transfers or agreements; and for the purpose of maintaining such action, it shall not be necessary for such creditor to have obtained a judgment upon his claim or demand, but such claim or demand, if disputed, may be proved and established upon the trial of such action."

It thus appears that, when the cause of action was first conferred upon creditors, it was expressly confined to transfers made by the deceased debtor. The first section was again amended by chapter 740, p. 1843, of the Laws of 1894, by adding a provision with respect to a sale of property recovered and the disposition of the proceeds; but the phraseology, so far as material to a determination of the question now under consideration, was not changed. When the commissioners on statutory revision came to consolidate these and other statutes, and frame for submission to the Legislature the personal property law, they dropped out the words "by such deceased debtor." Section 7, Personal Property Law (chapter 417, p. 509, Laws 1897), and schedule of laws repealed thereby. This is another instance of confusion and uncertainty caused by changes in phraseology made by said commissioners. They were not empowered to make changes in the existing law. They did not inform the Legislature that they had attempted to change the former law on this point. The revisers' report to the Legislature and notes, on the contrary, indicate that no change was

intended to be made. Under the heading "Revisers' Preliminary Note to the Personal Property Law," they say:

"The accompanying chapter of the revision, to be known as the 'Personal Property Law,' included existing statutes relating to future estates, accumulation of income, trust estates, and that part of the statute of frauds which governs transactions in relation to personal property. These statutes are re-enacted in the revision with slight changes, which are indicated in the foot-notes, which are appended to the several sections of the proposed law. The table immediately following the repealing schedule shows the disposition of the laws repealed by this chapter in the revision and elsewhere."

Under section 7 they cite the laws from which it was compiled, and then add the following: "Unchanged in substance, so far as relates to personal property." See Fowler's Personal Property Law of New York, pp. 136, 139. The reasonable inference is that' in this case, as in many others, shown by many of their reports to the Legislature, they deemed the words which they omitted superfluous, and were of opinion that the statute as they recommended it meant precisely the same as the former statute. However that may be, in these circumstances there is nothing to indicate that the Legislature intended to change the law, and authorized a new and unheard of practice of permitting a creditor to review by action every sale or transfer of property of an insolvent debtor made by the executor or administrator upon a charge of fraud. If the action would lie and it were successful, it would only result in placing the property back in the hands of the executor or administrator to be resold, with a possible similar review by action of the second and of any subsequent sale, because the Supreme Court would not administer the estate, but would leave that to the executor or administrator. Moreover, there does not appear to have been any necessity for such an action, and it is therefore not reasonable to suppose that the Legislature intended to authorize it. The Legislature is presumed to have known that the Surrogate's Court could remove an executor or administrator for misconduct in wasting the estate, or protect the creditors and others interested by requiring an adequate bond, either originally (section 2638) or when the question is raised on an application to revoke the letters (section 2685, subd. 5). On the accounting the executor or administrator would be charged with the value of all property received, and the creditor and other persons interested would not be bound by any sale or transfer made, and could attack the same not only for fraud, but for inadequacy of consideration resulting from negligence.

It would seem, therefore, that the statute should not be given a construction that will authorize the maintenance of such an action, unless it be imperatively required by the language employed. I am convinced that it is not so required. It is plain that the Legislature merely intended to authorize a creditor to institute an action in those cases in which by the preceding part of the section the personal representative is authorized to do so. It was contemplated that an executor or administrator might deem it unwise to bring the action, and that information might be available to the creditor which would give him confidence to proceed.

I think, therefore, that we should refrain from expressing any opinion on the facts which received extended consideration by the learned trial judge; and the judgment is affirmed with costs.   All concur.