## AGNE v. SCHWAB.

(Supreme Court, Appellate Division, Second Department.   January 17, 1908.)

1. EXECUTORS AND ADMINISTRATORS—NATURE OF OFFICE.

An executor or administrator is trustee for the creditors, legatees, and distributees of the deceased.

2. TRUSTS—FRAUDULENT DISPOSITION OF TRUST PROPERTY—REMEDIES OF CESTUI QUE TRUST.

A trustee of any kind and his fraudulent grantee may be sued by a cestui que trust to annul a fraudulent disposition of the trust property and to follow the property or proceeds.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 529–538.]

3. EXECUTORS AND ADMINISTRATORS—FRAUDULENT DISPOSITION OF PROPERTY—ACTION TO ANNUL—DEFENSES—RIGHT TO ACCOUNTING.

The fact that an executor, on his accounting, may be required to account for the full value of the property that came into his hands will not prevent a suit to annul a fraudulent disposition of the property and to follow it in the hands of the grantee or vendee, who could not be brought into the Surrogate's Court and made to account.

4. SAME—STATUTORY PROVISIONS—CONSTRUCTION.

Laws 1858, p. 506, c. 314, as amended by Laws 1889, p. 660, c. 487, and Laws 1894, p. 1843, c. 740 (Personal Property Law, Laws 1897, p. 509, c. 417, § 7; and Real Property Law, Laws 1896, p. 604, c. 547, § 232), enabling executors, creditors, etc., to sue for the benefit of creditors to set aside a fraudulent disposition of property by a decedent during his lifetime, do not by implication preclude a legatee from suing an administratrix with the will annexed to set aside a fraudulent sale of the estate's property, and to follow it in the hands of the fraudulent vendee or grantee, for no statute was ever necessary for the latter purpose, but, as one could not sue to set aside his own fraudulent conveyance, neither could his executor, assignees, etc., in the absence of statute; and the statutes mentioned were intended merely to supply that defect.

Appeal from Special Term, Suffolk County.

Action by Mamie M. Agne against Henry E. Schwab and Annie Straus, as administratrix with the will annexed of Edward Kane, deceased, to set aside a sale of property belonging to the estate.   From an interlocutory judgment overruling a demurrer to the complaint by defendant Schwab, he appeals.   Affirmed.

The demurrer was by the defendant Schwab only, on the grounds that the complaint did not state facts sufficient; that the plaintiff has not legal capacity to sue; that there is a defect of parties defendant, in that the legatees and devisees are not made defendants; and that the court has no jurisdiction of the subject-matter.

Argued   before   WOODWARD,   HOOKER,   GAYNOR,   and RICH, JJ.

Percival S. Menken, for appellant.
Thos. J. Ritch, Jr., for respondent.

GAYNOR, J. This in a suit by the residuary devisee and legatee under a will to set aside a sale by the administratrix with the will annexed of the business assets and personal property of the deceased as fraudulent against the plaintiff and the creditors of the deceased and make the defendants, viz., the said administratrix and her fraudulent vendee, account for the property thus fraudulently diverted by them. An executor or administrator is trustee for the creditors, legatees and distributees of the deceased, and that a suit to annul a fraudulent disposition of the trust property, and to follow the property or its proceeds may be maintained against a trustee of any kind, executor, guardian or trustee of an express trust, and his fraudulent grantee or vendee, by a cestui que trust, is a thing not to be disputed. 2 Perry on Trusts (5th Ed.) § 810 et seq.; 1 Story's Eq. Jur. (13th Ed.) § 424; 2 Wms. on Ex'rs (7th Am. Ed.) p. 124; Hill v. Simpson, 7 Ves. 152; McLeod v. Drummond, 17 Ves. 152; Wilson v. Moore, 1 M. & K. 337; Field v. Schieffelin, 7 Johns. Ch. p. 155 et seq.; Haddow v. Lundy, 59 N. Y. 320; Wetmore v. Porter, 92 N. Y. 76; Zimmerman v. Kinkle, 108 N. Y. 282, 15 N. E. 407. That the cestui que trust may require the executor to account on his accounting for the full value of the property notwithstanding the fraudulent sale was never a reason for refusing to entertain the suit. If it were, the fraudulent grantee or vendee could not be held to responsibility for his wrong at all, for he cannot be brought into the Surrogate's Court and made to account. And the Haddow Case, supra, shows that such a suit is maintainable against the executor or trustee alone.

The case has been confused by counsel discussing in their briefs and oral arguments chapter 314, p. 506, Laws of 1858, as amended by chapter 487, p. 660, Laws 1889, and chapter 740, p. 1843, Laws 1894 (now codified as section 7 of the personal property law [Laws 1897, p. 509, c. 417] and section 232 of the real property law [Laws 1896, p. 604, c. 547]), as though the right to maintain this action depends thereon. These are enabling statutes, viz., the first simply enables (1) "an executor, administrator, receiver, assignee or other trustee," and the amending ones (2) a simple creditor of a deceased person whose claim exceeds $100, to maintain an action for the benefit of creditors to set aside a fraudulent disposition of property, personal or real, by the deceased in his lifetime, or by the assignor or person from whom title has devolved. As a person has no right of action to set aside his own fraudulent conveyances, no such right can pass from him to his executor, assignee, etc., and hence a statute was necessary to give the latter the right to bring such an action (Ordronaux v. Helie, 3 Sandf. Ch. 512, Osborne v. Moss, 7 Johns. 161, 5 Am. Dec. 252); and as it was made doubtful or denied in this state by the decision in Lichtenberg v. Herdtfelder, 103 N. Y. 302, 8 N. E. 526, that a creditor of a deceased who has not obtained a judgment on his claim and a lien and priority thereunder during the lifetime of the deceased could bring an action after the death of the deceased to set aside the latter's fraudulent sales or conveyances, the said act of 1889 was passed to enable him to do so. In the same year it was decided in a case to which the new act was not in time to apply that such a creditor could maintain such an action if the executor refused to bring it. Harvey v. Mc-

Donnell, 113 N. Y. 526, 21 N. E. 695.   These statutes have nothing to do with the present case, which is a case of fraudulent disposition of property of an estate by the administratrix, not by the deceased in his lifetime.   No statute was ever needed to enable a cestui que trust to sue his trustee to set aside his fraudulent transfer of trust property and make him and his fraudulent grantee or vendee account therefor.

The case of Magoun v. Quigley, 115 App. Div. 226, 100 N. Y. Supp. 1037, has not been overlooked.   There the point that such a suit cannot be maintained was not raised at the bar, but the court seems to say of its own motion that it is not maintainable for the reason that the said statutes do not enable it to be brought.

It is to be deplored that any member of our honorable profession could so far forget himself as to make the scandalous attack on the plaintiff, a woman, which is contained in the brief for the appellant.

The judgment should be affirmed.

It is also ordered that the brief of appellant's counsel be taken from the archives of this court.

Interlocutory judgment affirmed, with costs.   All concur.