1. EXECUTORS AND ADMINISTRATORS (§ 473*) — ACCOUNTING — JURISDICTION OF SURROGATE'S COURT.

> The Surrogate's Court has no jurisdiction, upon the settlement of the accounts of an executor, to determine a claim for injury alleged to have been inflicted upon the estate by his joining in the purchase of a portion of the real estate of testator for his own profit; but the question is of equitable cognizance.
>
> [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 473.*]

2. EXECUTORS AND ADMINISTRATORS (§ 473*) — ACCOUNTING — JURISDICTION OF SURROGATE.

> Though the surrogate may have power to examine a testamentary trustee's dealings to determine whether he is entitled to commissions, yet where to do so would conclude the parties in any action in which questions cognizable in equity would be presented, the question of commissions will be reserved, and the parties left to the equity court.
>
> [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 473.*]

Proceeding for the judicial settlement of the account of Charles A. McInerney and another, as surviving executors of the will of Mary McInerney, deceased. It was sought to hold one of the executors liable for damages alleged to have resulted from his joining in the purchase of a portion of the real estate of testator. Finding for the executor.

Sparks & Fuller, for executors.

Edward J. Flanagan (James C. Church, of counsel), for contestant.

Franklin M. Tomlin, special guardian.

KETCHAM, S. In the settlement of the accounts of testamentary trustees it is claimed that, upon the sale of real estate pursuant to a power of sale in the will, a trustee, who is one of the seven beneficiaries under the will, joined with three other beneficiaries in the purchase of a portion of the real estate, in part for his own interest and profit, and that he should account for any injury inflicted upon the estate by his acts in this regard. The court has no jurisdiction of the question thus presented. It is of equitable cognizance, and belongs exclusively to a court of general equity powers. Matter of Valentine, 1 Misc. Rep. 491, 23 N. Y. Supp. 289; Matter of Randall, 152 N. Y. 508, 46 N. E. 945.

It is probable that the surrogate has power to examine the trustee's dealings with the subject of his trust, in order to determine whether or not the trustee is entitled to commissions; but, in the event of the exercise of jurisdiction in this respect, the surrogate's finding that the trustee was faithful or unfaithful would conclude the parties in any action in which the questions cognizable in equity would be presented. Thus the court, which has no power to make a comprehensive judgment as to the trustee's conduct, and any liability that might result therefrom, would impose its adjudication upon a court to which the complete jurisdiction attaches.

---

To avoid a result so droll and inconvenient, the question of commissions will be reserved; and counsel may present their views as to whether this proceeding shall be adjourned pending the hearing of the question in the Supreme Court, or whether the decree shall be entered for partial relief, with leave to apply upon the foot thereof for further direction.

Decreed accordingly.