In the Matter of the Estate of HENRY GRUBE, Deceased.*

Surrogate's Court, Kings County, April 2, 1937.

*Moss, Marcus & Wels*, for the petitioners, Marcus and Wels.

*Maxwell Rubin,* for the respondent Edith Grube Herrington and others.

WINGATE, S.  The continued insistence of various parties to the pending accounting proceeding that this court assume the

---

* See, also, 162 Misc. 228.

full equitable authority of a court of general jurisdiction to adjudicate consequential rights which may arise by reason of acts which, it is alleged, the attorneys of the removed trustee committed, might be deemed flattering, were it not for the obvious probability that if jurisdiction were exercised, the unsuccessful parties would promptly assert its absence.

It is primary that jurisdiction, if not inherent in any court, is impossible of bestowal by consent or acquiescence of the parties. (*Matter of Matthewson*, 210 App. Div. 572, 573; *Matter of Mondshain*, 186 id. 528, 529; *Matter of Walker*, 136 N. Y. 20, 29; *Matter of Goodchild*, 160 Misc. 738, 742.)

In the case at bar the subject of present controversy concerns the accountability for bonuses alleged to have been received by the attorneys for the removed trustee with his acquiescence and perhaps participation in the placing of loans of estate funds on bonds and mortgages. It is unquestioned that these bonuses, if actually received, were paid by the borrowers from their own funds which were never a part of the estate assets. Conceivably any such sums, if received, should be paid over to the estate on purely equitable principles, but since the moneys so received were never a part of the *res* of the trust funds they are not the subject of action in this court whose jurisdiction is primarily *in rem* except in respect to its own appointees. The right to their recovery, if any exists, is purely one *in personam* against the attorneys by operation of the jurisdiction of a court of general equitable powers on the theory that the attorneys, while occupying a position of trust toward the semi-entity of the estate, utilized it to reap an unconscionable advantage therefrom.

The situation would be wholly different had such sums ever formed a part of the estate assets since in such event the equitable authority of the surrogate over the *res* might be employed for the tracing of such assets into the hands of one who had converted them to his own use. (*Matter of Wilson*, 252 N. Y. 155, 158; *Matter of Hammer*, 237 App. Div. 497, 501; *Matter of Lusher*, 159 Misc. 387, 389; *Matter of Goodchild*, 160 id. 738, 741; *Matter of Strandburg*, 138 id. 859, 861.)

The present applications by the opposing parties seek by differing modes to obtain an adjudication by this court of the underlying liability of the attorneys. The objectants have served upon the attorneys a *notice of motion* for the issuance of a citation to them with the object of making them parties to the pending accounting. This might be dismissed with the observation that original jurisdiction over an individual may not in this or any other court be

obtained by a mere notice of motion. (*Matter of Kruger*, 139 Misc. 907, 913.) Here the only originating process is a citation or order to show cause. (Surr. Ct. Act, § 52.)

Even were this vital procedural defect to be overlooked, however, the essential fact remains that these persons are not proper parties to the accounting proceeding for the reasons heretofore noted. (*Matter of Underhill*, 117 N. Y. 471, 474, 475.) The motion is accordingly denied.

The procedure adopted by the attorneys is, if anything, more novel than that of their opponents. They have instituted a proceeding purportedly under section 231-a for a determination of the propriety and amounts of payments made to them as attorneys for the estate. One of the many reasons which might be urged against such a torturing of the obvious purpose of this section to the end sought, is that the petition of the attorneys seeks no affirmative relief of any nature whatsoever. The object of the statute as originally enacted was to permit the court to fix the fees of attorneys for parties to a proceeding before it, to the end that they may be adjudged entitled to receive a specific sum for such services as had been rendered. It was a preliminary to an affirmative award. Here no award whatsoever is sought. The position of the attorneys is that they have been adequately and properly paid for what they have done. They do not seek any item of the sole relief which the surrogate is authorized to accord, since by the last sentence of the second section his power in this regard is expressly limited to the specification that he " may direct payment therefor [*i. e.*, for the services rendered] from the estate generally or from the funds in the hands of the representative belonging to any legatee, devisee, distributee or person interested therein."

Nor do the attorneys assert that they have received too much and that they should be compelled to make restitution which is the sole object envisaged by the final paragraph of the section added by chapter 332 of the Laws of 1934.

A proceeding which seeks no affirmative relief is an anomaly and to entertain it would amount to an unwarranted innovation into the procedure of the court.

Since the present proceeding is an independent one wholly divorced from the pending accounting it is one in which no controversy cognizable by this court is involved, and is, in essence, analogous to one to quiet title in the Supreme Court, the adjudication desired being one of confirmation of the attorneys in the right to retention of the sums which they have already received.

In this aspect, it is merely a proceeding in reverse for adjudication of the right of recovery of the estate against the attorneys *in personam* for the acts and conduct in respect to the alleged bonus payments. Since the court has no authority directly to adjudicate this question it will not permit itself to be led into the semblance of such an act by indirection. It follows that this·proceeding, also, must be dismissed.

Enter order and decree on notice in conformity herewith.