In the Matter of the Accounting of WILLIAM F. HENRY, as Executor of CHARLES HENRY, Deceased.

Surrogate's Court, Erie County, February 3, 1950.

*Theodore A. Viehe* for executor, petitioner.

*Liol D. Smith* for Carl E. Henry and another, objectants.

BUSCAGLIA, S. The executor of this estate petitioned the court for a judicial settlement of his final accounts. In the course of this proceeding an objectant, Emery L. Henry, obtained an ex parte order directing the executor to account for his proceedings as attorney in fact for the decedent during the latter's lifetime. Subsequently the executor had this order set aside on the ground that notice was required.

The question as to whether or not an executor must account to persons interested in the estate for his acts and conduct as attorney in fact for the decedent during his lifetime is now before the court on notice to all parties.

Section 40 of the Surrogate's Court Act empowers the Surrogate " To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, * * *." Judicial decision has given this statute a most liberal construction. As stated by Surrogate FOLEY in *Matter of Haigh* (125 Misc. 365, 368): " Concentration of jurisdiction as to decedents' estates has been the purpose and result of successive legislation and judicial decisions." This is especially true in an accounting proceeding. In *Matter of Gurevitch* (166 Misc. 439, 442), Surrogate DELEHANTY states " * * * jurisdiction of the Surrogate's Court in an *accounting* proceeding is *without limitation*. In such a proceeding it has power to take any action necessary to the ascertainment of the assets of the estate of the deceased and to the enforcement of the rights of the estate even though the taking and stating of an account with a third-party is required for the purpose."

Specifically, under section 40, the Surrogate's Court has assumed jurisdiction to preside over the liquidation of a partnership (*Matter of Raymond* v. *Davis,* 248 N. Y. 67); to determine whether or not an *inter vivos* transfer was illusory (*Matter of Chandler,* 175 Misc. 1029), and to determine the validity of a transfer of stock during the decedent's lifetime by an executrix who was attorney in fact for decedent during his lifetime. (*Matter of Robertson,* 191 Misc. 956.)

In view of these decisions the court is undoubtedly empowered to direct this executor to file an account of his acts and conduct as attorney in fact for this decedent during his lifetime and such an order may enter accordingly.