In the Matter of the Accounting of ELLIS T. TERRY, as Administrator of the Estate of MARY AYBAR, Deceased.

Surrogate's Court, Suffolk County, November 13, 1952.

*Emil F. De Pretris* for administrator, petitioner.

*Walter Jeffreys Carlin* and *Pallister Hamilton Feeley* for Lafayette National Bank.

*William M. Dempsey,* special guardian for Pedro Aybar, an incompetent.

*George W. Cornell* for John Dillon.

*Richard C. Cotter* for Tessie Flaherty.

*James F. Kelly* for James P. Nolan.

*Leo J. Ross* for Veterans' Administration.

HAZLETON, S. The deceased, who died intestate, left surviving her husband, a disabled war veteran, who has been declared incompetent. Among the possessions of deceased were two bankbooks, one reading "Mary Aybar in trust for Tessie Flaherty" and the other "Mary Dillon for brother John." Brother John is John Dillon, brother of the deceased, deceased's maiden name having been Mary Dillon.

The committee for the husband of the deceased, in its objections, contends that the two savings accounts were but illusory transfers of decedent's assets. Upon the proof submitted, this court is satisfied that in respect to the two savings accounts, no evidence has been offered to overcome the "presumption * * * that an absolute trust was created as to the balance on hand at the death of the depositor." (*Matter of Totten,* 179 N. Y. 112, 126; *Matter of Halpern,* 303 N. Y. 33, 38, 39.) Therefore, the objections of the committee in this regard are dismissed and its parallel petition denied.

On the other hand, the position taken by John Dillon to the effect that neither the administrator nor any other person has any claim to the proceeds of these accounts, is equally untenable. Insofar as the general assets of the estate are insufficient to pay the balance of the funeral bill and the reasonable administration expenses of the estate, "these obligations are a charge against the funds in her savings bank trust account[s]. Any excess, however, will belong to the beneficiar[ies] named in the tentative trust[s] since the 'presumption' that the trust becomes absolute on her death will only be rebutted to the extent necessary to make these payments." (*Matter of Reich,* 146 Misc. 616, 620–621; see, also, 33 Col. L. Rev. 548.)

The disputation by the administrator of the estate's liability for items 2, 3 and 4 of schedule D-1 is sustained. The decedent's husband is liable for the medical, hospital and incidental expenses during the wife's last illness insofar as commensurate with his means. (*Matter of Burt,* 254 App. Div. 584, modfg. 160 Misc. 218.) The court takes judicial notice of the fact that the incompetent's estate amounts to approximately $7,000 in Government bonds and cash, on which he is not dependent for his support, since as a disabled veteran he receives a Govern-

ment pension which adequately provides for his needs. The committee acknowledges that it recently allowed the incompetent the sum of $450 for a pleasure trip to Puerto Rico.

The incompetent's adjudicated inability to manage his property does not in itself relieve him of his marital obligation of furnishing medical services to his wife. (*Read* v. *Legard,* L. R. 6 Ex. 636, 642; see, also, *Thedford* v. *Reade,* 25 Misc. 490, 492.) There is nothing in the record to justify an inference that decedent agreed to be personally liable for these services. In the absence of such an agreement, express or implied, it is the obligation of the husband to pay them. (*Matter of Huedner,* 138 Misc. 101; *Matter of Stadtmuller,* 110 App. Div. 76; *Thrall Hosp.* v. *Caren,* 140 App. Div. 171.)

The committee asserts a claim against the administrator to the extent of this respondent's liability to the claimants, and requests that the amount and extent of such liability be determined and allowed in this proceeding. It is true that where no personal liability has been incurred by the surviving husband in connection with his wife's funeral, he may collect from her estate if any there be, the funeral expenses which he has paid. (*Matter of Horn,* 151 Misc. 261, 263, and cases cited; see, also, *Matter of Vitelli,* 146 Misc. 17, 19.) However, it is clear that in respect to funeral expenses, the primary obligation rests on the estate of the deceased wife, if such exists. On the other hand, medical, hospital and nursing expenses are the primary obligation of the surviving husband. (*Matter of Burt, supra; Matter of Huedner, supra; Thrall Hosp.* v. *Caren, supra; Matter of Stadtmuller, supra.*) Therefore the committee's claim against the administrator for its prospective liability should be denied, and prospective must this liability of the committee remain at this time, for this court having determined that the claims asserted are not valid as against this estate, it has determined all matters necessary for the disposition of the matter with relation to the affairs of this decedent. (Surrogate's Ct. Act, § 40.) The controversy concerning liability for these claims now exists entirely between each individual claimant and the committee. (See *Matter of Drellich,* 254 App. Div. 380.)

This estate now has no interest in these claims and therefore this court has no jurisdiction to entertain and/or determine same. (See *Matter of Krasnofsky,* 157 Misc. 759, 760, and cases cited therein.) " It is primary that jurisdiction, if not inherent in any court, is impossible of bestowal by consent or acquiescence of the parties [cases cited] ". (*Matter of Grube,* 162

Misc. 578, 579.) This court therefore declines to determine the amount and extent, not to mention the validity of these claims in this proceeding.

Submit decree upon notice to all parties in accordance with this decision.