Hazleton, S.
In the accounting proceeding brought by the former Public Administrator of Suffolk County, this court held that the sale of shares of stock of the Peoples National Bank of Patchogue, owned by the estate, to any officer, director, stockholder or employee of said bank or to a spouse of any of said group, was improper and voidable. The present Public Administrator was instructed to take such steps as might be necessary to rescind such sales to those enumerated in said group (see Matter of Krabbe, 1 Misc 2d 810).
The important question has arisen whether the present Public Administrator may proceed against the enumerated purchasers of said bank stock in this court or whether such vendees can be sued only in another forum, i.e., the Supreme Court. In other words, has this court the power to set aside these sales?
Extensive research has failed to disclose a controlling reported decision squarely dispositive of the question. It is not without significance, however, that proceedings have been brought in the Supreme Court rather than in this court to have conveyances and transfers by the personal representative set aside on account of fraud or gross inadequacy. The implication is unmistakable of a feeling (among members of the Bar) that this court does not possess the power to dispose of a controversy of this kind in respect to third persons who are not fiduciaries of this court.
The converse of the subject in its relation to the maintenance of an action in the Supreme Court was touched upon by the Appellate Division of this department in Agne v. Schwab (123 App. Div. 746). There a residuary devisee and legatee brought suit to set aside a sale, by the administratrix c. t. a. of the business assets and personalty of the deceased as fraudulent against the plaintiff and the creditors of the estate, and to compel the administratrix and her fraudulent vendee to account for the property thus fraudulently diverted. In overruling a demurrer to the complaint, Gaynor, J., stated (p. 747): “ An executor or administrator is trustee for the creditors, legatees and distributees of the deceased, and that a suit to annul a fraudulent disposition of the trust property, and to follow the property or its proceeds may be maintained against a trustee of any kind, executor, guardian or trustee of an express trust, and his fraudulent grantee or vendee, by a cestui que trust, is a thing not to be disputed * * * [citing authorities]. *818 That the cestui que trust may require the executor to account on his accounting for the full value of the property notwithstanding the fraudulent sale was never a reason for refusing to entertain the suit. If it were, the fraudulent grantee or vendee could not be held to responsibility for his wrong at all, for he cannot be brought into the Surrogate’s Court and made to account ” (italics added).
This language from Agne v. Schwab (supra) was quoted approvingly by the same court in Noll v. Smith (250 App. Div. 453, 455-456).
It is familiar that through statutory grants of jurisdiction, especially since 1914 (L. 1914, ch. 443; L. 1921, ch. 439; L. 1925, ch. 100), this court has been vested with constantly increasing powers both general and equitable (see generally 1 Warren’s Heaton on Surrogates’ Courts [6th ed.], § 35; 1 Jessup-Redfield on Surrogates’ Courts [rev. ed.], § 76 et seq.; 1 Bradford Butler on New York Surrogate Law & Practice, § 316 et seq.; 7 Wait on New York Practice [4th ed.], pp. 29-40). Earlier decisions based upon restrictive statutory provisions then in effect may no longer be good law and in some instances have been overruled. Thus, an assignment of a distributive share may now be set aside by this court for fraud (Matter of Patten, 252 App. Div. 807, affd. 277 N. Y. 525, with which compare Matter of Randall, 152 N. Y. 508, as explained in Hull v. Hull, 225 N. Y. 342, 351-353).
The general jurisdiction of this court is set forth in section 40 of the Surrogate’s Court Act. (For the incidental powers of the Surrogate see § 20, and especially subd. 11.) Under section 40, this court has ‘ ‘ in addition to the powers conferred upon it, or upon the surrogate, by special provision of law, jurisdiction, as follows: To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires ”. Following this it is provided that the specific powers thereafter enumerated shall be read as being “ [I]n addition to and without limitation or restriction on ” the powers that are general. Among the specifically enumerated powers are “ [t]o direct and control the conduct, and settle the accounts, of executors, administrators ” (subd, 3); “to enforce the pay *819 ment of debts and legacies; * * * and the payment or delivery, by executors, administrators, * * * of money or other property in their possession, belonging to the estate * * * To enforce against a respondent the delivery of personal property, or the payment of the proceeds or value of personal property belonging to or withheld from an estate ” (subd. 4; as to this discovery aspect, see, also, §§ 205-206-a).
If the first part of section 40 of the Surrogate’s Court Act were read alone, it would seem to confer almost unlimited jurisdiction on this court as regards the affairs of decedents. This, however, is clearly not the case, and notwithstanding some general language to this effect (see, e.g., Matter of Morris, 134 Misc. 374, 382), the interpretative decisions have not gone this far (see, e.g., Matter of Auditore, 223 App. Div. 654, 659, mod. 249 N. Y. 335, where, the Appellate Division for this department stated as dicta: “ The surrogate would not be authorized to set aside a deed or a mortgage and decree that the property or fund belonged to the estate, because that is a peculiar function of a court of equity.”).
Where a voidable transfer of the testator’s property is made to a coexecutor, it is clear that this court has the power to set aside the sale in an accounting proceeding (Matter of Kilmer, 187 Misc. 121; cf. Matter of Fulton, 253 App. Div. 494, where a sale of realty by an executrix to her husband was sought to be set aside in the Supreme Court and the parties stipulated that the question could be decided by the Surrogate’s Court; but cf. the earlier decisions in Matter of Valentine, 1 Misc. 491, and Matter of Mclnerney, 62 Misc. 441). Similarly, this court has jurisdiction to compel restitution by an attorney, acting jointly with the administrator, of moneys wrongfully diverted from the estate (Matter of Strandburg, 138 Misc. 859). But where it appeared that attorneys for a removed trustee, with his acquiescence and perhaps participation, received bonuses from the borrowers in the placing of loans of estate funds on bond and mortgages, it was held that this court was without power to direct payment of the bonuses to the estate since the bonuses were never a part of the estate assets (Matter of Grube, 162 Misc. 578). It was there stated that the right of recovery was purely one in personam against the attorneys in the Supreme Court on the theory that the attorneys as fiduciaries reaped an unconscionable advantage. Had the sums received as bonuses ever formed a part of the estate assets, the situation, according to Wikgate, S., would have been different.
That a distinction for purposes of jurisdiction must be drawn dependent upon whether a representative or other fiduciary is *820 involved or a third person, is stated in Matter of Sichel (162 Misc. 2, 5): “ The Surrogate’s Court unquestionably possesses authority in personam against its own fiduciaries by reason of the direct grant thereof in subdivision 3 of section 40 of the Surrogate’s Court Act, but this does not warrant the assumption of a similar unaccorded authority in respect to third persons. As to them personal obligations must, as heretofore, be enforced in courts of general jurisdiction alone.”
While it has been stated that the jurisdiction of this court in an accounting proceeding is without limitation (Matter of Gurevitch, 166 Misc. 439; Matter of Henry, 197 Misc. 297, citing Matter of Raymond v. Davis, 248 N. Y. 67), it would seem that such statement might be too broad as an abstract proposition of law. The question immediately arises, what persons not already parties to this proceeding (or any competent proceeding before this court) may be brought in by process of this court? The second unnumbered paragraph of section 40 of the Surrogate’s Court Act does not make clear what third persons who do not “ voluntarily ” appear may be “ brought in by supplemental citation”. If the vendees of the bank stock were necessary parties in any possible proceeding before this court and their participation were essential for the complete disposition of any such proceeding, then perhaps their presence might be compelled. But in the view of this court, there is no proceeding available in this forum where those vendees can be compelled to litigate their right to such stock.
The court is cognizant of the cases which hold that now a personal representative may institute proceedings in this tribunal to annul a fraudulent conveyance made by the decedent during his lifetime (Matter of Caplan, 196 Misc. 631; Matter of Haber, 151 Misc. 82; see Personal Property Law, § 19, which was held not to authorize an action to set aside a fraudulent transfer by a representative of the decedent; Magoun v. Quigley, 115 App. Div. 226; Agne v. Schwab, 123 App. Div. 746, supra). Likewise familiar is the broadened jurisdiction of this court in discovery proceedings (Surrogate’s. Ct. Act, § 40, subd. 4; §§ 205-206-a, but cf. Matter of Trevor, 309 N. Y. 389). But while a discovery proceeding may be applicable even as to property which never came into ownership of the decedent but accrued after his death (Matter of Rosenthal, 175 Misc. 771, affd. 262 App. Div. 706), it would seem that, with the possible exception of such extraordinary circumstances as those found in the case cited immediately below, such proceeding was not intended to embrace a situation where the personal representative has transferred property fraudulently to a vendee.
*821 The court is also cognizant of Matter of Van Derpool (1 Misc 2d 132) recently decided by the Surrogate’s Court of Schenectady County. There the sole executor improperly withdrew estate funds from a bank account to pay a personal debt. This he did by depositing such funds to open new accounts in favor of a creditor of the executor. The creditor later died and her estate likewise was being administered in the same Surrogate’s Court. The faithless executor was replaced by an administrator a. t. a. who instituted a discovery proceeding against the executors of the creditor’s estate. The funds which had been illegally withdrawn were traced to the court’s satisfaction among the assets of the creditor’s estate. Surrogate Campbell directed the personal representatives of the creditor’s estate to repay the moneys which had been applied in payment of the erring fiduciary’s personal debt. Emphasis was placed upon the facts that both estates were being administered in the same court; that the court had jurisdiction over both estates and that under section 40 of the Surrogate’s Court Act, the Surrogate was granted particular authority “ [t]o direct and control the conduct * * * of executors” — with apparent special reference to the conduct of the personal representatives of the estate of the creditor. Had such creditor remained alive, it is doubtful whether a discovery proceeding would have been properly maintainable against her.
In the light of the present state of the authorities the court holds that it has no authority to assume jurisdiction over the transferees of the bank stock but any action against them must be instituted in the Supreme Court.
Proceed accordingly.